**UNITED STATES COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK**

| | |
|---|---|
| TUDOR INSURANCE COMPANY, | Civil Action No.:  11 cv 3567 (LAK) |
| Plaintiff, | **ECF Case** |
| vs. | |
| FIRST ADVANTAGE LITIGATION CONSULTING, LLC, | **ANSWER AND AFFIRMATIVE DEFENSES OF PLAINTIFF/COUNTER –CLAIM DEFENDANT TUDOR INSURANCE COMPANY AND CROSS-CLAIMS** |
| Defendant. | |
| FIRST ADVANTAGE LITIGATION CONSULTING, LLC, | |
| Counter-Claimant And Cross-Complainant | |
| vs. | |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, TUDOR INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY, | |
| Counter-Claim Defendants. | |

Plaintiff/Counter-Claim Defendant, Tudor Insurance Company, ("Tudor"), by and through its attorneys, Carroll, McNulty & Kull LLC, answering the Counterclaim Complaint of the Defendant/Counter-Claim Plaintiff, First Advantage Litigation Consulting, LLC ("Defendant"), states as follows:

## COUNTER-CLAIM

1.      Tudor admits only that the content of the Counter-Claim speaks for itself, and further denies engaging in any wrongful conduct that would give rise to any of the causes of action alleged in Defendant's Counter-Claim.  The remaining allegations contained in Paragraph 1 constitute a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 contained therein and leaves Defendant to its proofs.

## SUBJECT MATTER JURISDICTION AND VENUE

2.      The allegations contained in Paragraph 2 constitute a legal conclusion to which no responsive pleading is required, and respectfully refers all questions of law to the Court.  To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 and leaves Defendant to its proofs.

3.      The allegations contained in Paragraph 3 constitute a legal conclusion to which no responsive pleading is required, and respectfully refers all questions of law to the Court. To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 and leaves Defendant to its proofs.  Tudor further states that to the extent the court determines that the venue is proper, the Southern District of New York is the proper forum for this action as New York is the place of contracting between Tudor and its named insured Backtrack Reports, Inc. ("Backtrack"), at the time of contracting, Backtrack was a New York corporation with its principal place of business

in New York, and Defendant seeks coverage under the commercial general liability ("CGL") insurance policies issued by Tudor to Backtrack, as the successor-in-interest to Backtrack.

## NATURE OF THE ACTION

4.       Tudor admits that the issues which are the subject of the Counter-Claim arise out of First Advantage's failure to provide timely notice to Tudor of the claims asserted against it in a lawsuit filed on or about February 8, 2006, captioned, NuWave Investment Corp., Troy W. Buckner, John S. Ryan v. Hyman Beck & Company, Inc., Alexander Hyman, Richard A. DeFalco, First Advantage CoreFacts, Inc. (f/k/a Backtrack Reports, Inc.), and Doe Corporations 1-10 and John Does 1-10, in the Superior Court of New Jersey, Morris County, Docket No. MRS-L-411-06 (the "Underlying Action"). In further response to the allegations of this Paragraph of the Complaint, Tudor states that Defendant's Counter-Claim also arises out of First Advantage's untimely notice and request for coverage under the Tudor policies for the claims asserted against Backtrack in the Underlying Action, as the successor-in-interest to Backtrack, in violation of the Notice Provisions contained in the Tudor policies. To the extent inconsistent therewith, Tudor denies the remaining allegations of this Paragraph of the Complaint and further Tudor denies engaging in any wrongful conduct that would give rise to any of the causes of action alleged in Tudor's Counter-Claim.

## THE PARTIES

5.       Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and leaves Defendant to its proofs.

6.       Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and leaves Defendant to its proofs.

7.       Tudor makes no response to the allegations of Paragraph 7 inasmuch as they are not directed at Tudor. To the extent that a response is required, Tudor denies having knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and the footnote contained therein[1] and leaves Defendant to its proofs.

8.      Tudor makes no response to the allegations of Paragraph 8 inasmuch as they are not directed at Tudor.  To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and leaves Defendant to its proofs.

9.      Tudor admits the allegations contained in Paragraph 9.

10.     Tudor makes no response to the allegations of Paragraph 10 inasmuch as they are not directed at Tudor.  To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and leaves Defendant to its proofs.

## THE POLICIES OF INSURANCE
### AIG's Claims Made Professional Liability Insurance Policy

11.     Tudor makes no response to the allegations of Paragraph 11 inasmuch as they are not directed at Tudor.  To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and leaves Defendant to its proofs.

12.     Tudor makes no response to the allegations of Paragraph 12 inasmuch as they are not directed at Tudor.  To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and leaves Defendant to its proofs.

---

[1] Defendant's Counter-Claim contains thirty-two footnotes.  In accordance with Federal Rules of Civil Procedure 10(b), Tudor will hereinafter only state its "defenses in **numbered** paragraphs." As such, Tudor addresses each footnote in the body of the numbered paragraph in its Answer.

13.     Tudor makes no response to the allegations of Paragraph 13 or the footnotes contained therein inasmuch as they are not directed at Tudor.  To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 or the footnotes contained therein and leaves Defendant to its proofs.

14.     Tudor makes no response to the allegations of Paragraph 14 or the footnotes contained therein inasmuch as they are not directed at Tudor.  To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and leaves Defendant to its proofs.

15.     Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 or the footnotes contained therein and leaves Defendant to its proofs.

### Zurich's Occurrence/Offense Commercial General Liability Insurance Policies

16.     Tudor makes no response as to the allegations contained in Paragraph 16 of the Counter-Claim inasmuch as they are not directed at Tudor.  To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and leaves Defendant to its proofs.

17.     Tudor makes no response as to the allegations contained in Paragraph 17 of the Counter-Claim inasmuch as they are not directed at Tudor.  To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and leaves Defendant to its proofs.

18.     Tudor makes no response as to the allegations contained in Paragraph 18 of the Counter-Claim inasmuch as they are not directed at Tudor.  To the extent that a response is

required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 or the footnotes contained therein and leaves Defendant to its proofs.

19.      Tudor makes no response as to the allegations contained in Paragraph 19 of the Counter-Claim inasmuch as they are not directed at Tudor.   To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and leaves Defendant to its proofs.

### Chubb's Occurrence/Offense Commercial Excess and Umbrella Insurance Policies

20.      Tudor makes no response as to the allegations contained in Paragraph 20 of the Counter-Claim inasmuch as they are not directed at Tudor.   To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and leaves Defendant to its proofs.

### Tudor's Occurrence/Offense Policies of Commercial General Liability Insurance

21.      Tudor admits only that it issued the following Policies to the named insured, Backtrack, the terms and conditions of which speak for themselves.

     A.   Policy No. PGL 702267, in effect for the policy periods of January 17, 2001 through January 17, 2002 and January 17, 2002 through January 17, 2003 (the "2001-2002 Tudor Policy" and "2002-2003 Tudor Policy");

     B.   Policy No. PGL 714711, in effect for the policy period of January 17, 2003 through January 17, 2004 (the "2003-2004 Tudor Policy");

     C.   Policy No. PGL 722917, in effect for the policy period of January 17, 2004 through September 10, 2004 (the "2004-2004 Tudor Policy") (collectively, the "Tudor Policies").

To the extent inconsistent therewith, Tudor denies the allegations of Paragraph 21 of the Counter-Claim.

22.     Tudor admits only that it issued the Tudor Policies, the contents of which speak for themselves, and further that Defendant's claim for coverage under said Policies is subject to the terms, conditions and exclusions of the Tudor Policies.  To the extent inconsistent therewith, Tudor denies the allegations of Paragraph 22 and the footnotes contained therein.

23.     Tudor admits only that it issued the Tudor Policies, the contents of which speak for themselves, and further that Defendant's claim for coverage under said Policies is subject to the terms, conditions and exclusions of the Tudor Policies.  To the extent inconsistent therewith, Tudor denies the allegations of Paragraph 23.

24.     Tudor admits the allegations contained in Paragraph 24 of the Counter-Claim directed at Tudor, and further denies having any knowledge or information sufficient to form a belief as to the truth of the remaining allegations and leaves Defendant to its proofs.

25.     Tudor makes no response as to the allegations contained in Paragraph 25 of the Counter-Claim inasmuch as they are not directed at Tudor.  To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 or the footnotes contained therein and leaves Defendant to its proofs.

26.     Tudor makes no response to the allegations of Paragraph 26 of the Counter-Claim inasmuch as they are not directed at Tudor.  To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 or the footnotes contained therein and leaves Defendant to its proofs.

## THE CONTESTED PUBLICATIONS

27.     Tudor admits only that Backtrack or Defendant drafted a report for Moore Capital Management Inc., Finaltis, New Finance Capital Partners, and Meyer and Hoffman between

2002 and 2006, and further that the contents of such reports speak for themselves.  As to the remaining allegations, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 or the footnotes contained therein and leaves Defendant to its proofs.

28.      Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and leaves Defendant to its proofs.

29.      Tudor admits only that Backtrack or Defendant drafted a report for Moore Capital in or about October 2002 and May 2005, and further that such reports speak for themselves.  To the extent inconsistent therewith, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 and leaves Defendant to its proofs.

30.      Tudor admits only that Backtrack or Defendant issued a report for Finaltis in or about April and May 2004, and further that the contents of such reports speak for themselves. To the extent inconsistent therewith, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 and leaves Defendant to its proofs.

31.      Tudor admits only that Backtrack or Defendant issued reports for New Finance in or about September and November 2005, and further that the contents of such reports speak for themselves. To the extent inconsistent therewith, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31 and leaves Defendant to its proofs.

32.      Tudor admits only that Backtrack or Defendant issued a report for Mayer and Hoffman in or about January 2006, and further that the contents of such reports speak for

themselves. To the extent inconsistent therewith, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 and leaves Defendant to its proofs.

## THE UNDERLYING LAWSUIT

33.    Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and leaves Defendant to its proofs.

34.    Tudor admits only that the referenced Complaint was filed in Underlying Action and further that the content of such document speaks for itself.  Tudor denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 and leaves Defendant to its proofs.

35.    Tudor admits that the referenced Complaint was filed in the Underlying Action and further that the content of such document speaks for itself.  Tudor denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 and leaves Defendant to its proofs.

36.    Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and leaves Defendant to its proofs.

37.     Tudor admits only that a verdict was returned against Defendant in the Underlying Action and reflected on a verdict sheet, the content of which speaks for itself.  To the extent inconsistent therewith, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 and leaves Defendant to its proofs.

9

## FIRST ADVANTAGE'S PERFORMANCE OF ITS OBLIGATIONS UNDER THE POLICIES OF INSURANCE

38.     Tudor denies the allegations contained in Paragraph 38 of the Counter-Claim directed at Tudor, and further denies having any knowledge or information sufficient to form a belief as to the truth of the remaining allegations and leaves Defendant to its proofs.

## DEFENDANTS' ACTIONS IN CONNECTION WITH THEIR POLICIES AND THE UNDERLYING LAWSUIT

39.     As to the allegations of Paragraph 39 directed at Tudor, Tudor admits only that it issued a letter dated April 26, 2011 denying coverage for the referenced claims against Defendant in the Underlying Action, that the content of such document speaks for itself, and further denies having any knowledge or information sufficient to form a belief as to the truth of the remaining allegations and leaves Defendant to its proofs.

40.     Tudor admits only those allegations of Paragraph 40 that are directed to Tudor, and further denies having any knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 and leaves Plaintiffs to their proofs.

41.      Tudor admits only that it issued a letter dated April 26, 2011 denying coverage for the referenced claims against Defendant in the Underlying Action and further that the content of such document speaks for itself.  To the extent inconsistent therewith, Tudor denies the allegations of Paragraph 41(a-c) of the Counter-Claim directed at Tudor, and further denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 41 and leaves Defendant to its proofs.

42.     Tudor admits only that it issued a letter dated April 26, 2011 denying coverage for the referenced claims against Defendant in the Underlying Action and further that the content of such document speaks for itself.  To the extent inconsistent therewith, Tudor denies the

allegations of Paragraph 42(a-c) of the Counter-Claim directed at Tudor, and further denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42 or the footnotes contained therein and leaves Defendant to its proofs.

43.     Tudor admits only that it issued a letter dated April 26, 2011 denying coverage for the referenced claims against Defendant in the Underlying Action and further that the content of such document speaks for itself.   To the extent inconsistent therewith, Tudor denies the allegations of Paragraph 43(a-c) of the Counter-Claim directed at Tudor, and further denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43 or the footnotes contained therein and leaves Defendant to its proofs.

44.     Tudor admits only that it issued a letter dated April 26, 2011 denying coverage for the referenced claims against Defendant in the Underlying Action and further that the content of such document speaks for itself.   To the extent inconsistent therewith, Tudor denies the allegations of Paragraph 44(a-c) of the Counter-Claim directed at Tudor, and further denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 or the footnotes contained therein and leaves Defendant to its proofs.

45.     Tudor admits only that it issued the Tudor Policies, the contents of which speak for themselves, and further that Defendant's claim for coverage under said Policies is subject to the terms, conditions and exclusions of the Tudor Policies.  To the extent inconsistent therewith, Tudor denies the allegations of Paragraph 45 of the Counter-Claim directed at Tudor, and further denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 and leaves Defendant to its proofs.

46.     Tudor makes no response to the allegations of Paragraph 46 inasmuch as they are not directed at Tudor.  To the extent that a response is required, Tudor denies having knowledge

or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and leaves Defendant to its proofs.

47.     Tudor admits only that a verdict was returned against Defendant in the Underlying Action and reflected on a verdict sheet, the content of which speaks for itself.  Tudor denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 and leaves Defendant to its proofs.

## FIRST CLAIM FOR RELIEF
### (For Declaratory Relief)

48.     Tudor repeats and realleges each and every response contained in Paragraphs 1 through 47 of this Answer to Defendant's Counter-Claim as though set forth fully at length herein.

49.     Paragraph 49 contains a statement of Defendant's case such that no response is required. To the extent that a response is required, Tudor admits the allegation of Paragraph 49 of the Counter-Claim.

## SECOND CLAIM FOR RELIEF
### (For Breach of Contract)

50.     Tudor repeats and realleges each and every response contained in Paragraphs 1 through 49 of this Answer to Defendant's Counter-Claim as though set forth fully at length herein.

51.     Tudor denies the allegations contained in Paragraph 51 of the Counter-Claim directed at Tudor, and further denies having any knowledge or information sufficient to form a belief as to the truth of the remaining allegations directed at other parties and leaves Defendant to its proofs.

52.     Tudor denies the allegations contained in Paragraph 52 of the Counter-Claim directed at Tudor, and further denies having any knowledge or information sufficient to form a

belief as to the truth of the remaining allegations directed at other parties and leaves Defendant to its proofs.

## PRAYER FOR RELIEF

In response to Defendant's request for relief, Tudor denies that Plaintiff is entitled to the relief requested.  Tudor further states that this venue is proper and convenient for the parties, and denies that Defendant has any basis to transfer the venue of this matter to New Jersey.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

53.     The claims asserted by the Defendant are barred, in whole or in part, because the Counter-Claim fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

54.     The claims asserted by the Defendant are barred, in whole or in part, by the doctrines of waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

55.     The claims asserted by the Defendant are barred, in whole or in part, by the doctrines of acquiescence or ratification.

## FOURTH AFFIRMATIVE DEFENSE

56.     The claims asserted by the Defendant are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

57.     The claims asserted by the Defendant are barred, in whole or in part, because the Defendant failed to make reasonable efforts to mitigate, minimize or avoid any losses or damages.

## SIXTH AFFIRMATIVE DEFENSE

58.     The rights and obligations of the Defendant are defined and controlled by the limits of liability, terms, exclusions, conditions and other provisions of the Policies placed at issue herein.  The terms, exclusions, conditions and other provisions of the Policies are too voluminous to itemize as affirmative defenses, and are therefore incorporated by reference herein.

## SEVENTH AFFIRMATIVE DEFENSE

59.     Defendant's claims are barred from coverage based on the "late notice" and the "failure to cooperate" provisions of the Tudor Policies.

## EIGHTH AFFIRMATIVE DEFENSE

60.     Defendant's claims are barred, in whole or in part, to the extent that First Advantage Litigation Consulting, LLC is not entitled to insured status under the Tudor Policies.

## NINTH AFFIRMATIVE DEFENSE

61.     The claims asserted by the Defendant are barred, in whole or in part, by the Tudor Policies to the extent they do not allege any "personal and advertising injury" as that term is defined by the Tudor Policies.

## TENTH AFFIRMATIVE DEFENSE

62.     The claims asserted by the Defendant are barred, in whole or in part, by the Tudor Policies to the extent they do not allege "personal and advertising injury" offense committed during the Tudor Policy periods.

## ELEVENTH AFFIRMATIVE DEFENSE

63.     The claims asserted by the Defendant are barred in whole, or in part, by the "prior publication" exclusion contained in the Tudor Policies.

## TWELFTH AFFIRMATIVE DEFENSE

64.     The claims asserted by the Defendant are barred in whole, or in part, to the extent they arise out of "'personal and advertising injury' arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity," which is explicitly excluded by the Tudor Policies.

## THIRTEENTH AFFIRMATIVE DEFENSE

65.     The claims asserted by the Defendant are barred in whole, or in part, to the extent they arise out of "personal and advertising injury" "[c]aused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury,'" which is explicitly excluded by the Tudor Policies.

## FOURTEENTH AFFIRMATIVE DEFENSE

66.     The claims asserted by Defendant are barred by the terms and conditions of the Policies issued to Backtrack to the extent that any of the exclusions applicable to coverage under the Policies' "Errors and Omissions Coverage Endorsement" apply.

## FIFTEENTH AFFIRMATIVE DEFENSE

67.     Defendant's claims are barred, in whole or in part, to the extent that they do not constitute "damages" because of any "negligent act, error or omission" as defined by the "Errors and Omissions Coverage Endorsement" of the Tudor Policies.

## SIXTEENTH AFFIRMATIVE DEFENSE

68.     Defendant's claims are barred, in whole or in part, to the extent that they fail to allege that a "negligent act, error or omission" took place during the Tudor Policy periods.

## SEVENTEENTH AFFIRMATIVE DEFENSE

69.     Defendant's claims are barred, in whole or in part, to the extent they allege claims for injunctive relief, punitive and/or treble damages, which is explicitly excluded by the Tudor Policies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

70.     Defendant's claims are barred, in whole or in part, to the extent that the amounts sought from Tudor do not constitute damages, as that term is defined in the Tudor policies.

## NINETEENTH AFFIRMATIVE DEFENSE

71.     The Complaint is not described with sufficient particularity to permit Plaintiff to ascertain what other defenses (including defenses based on terms, conditions or exclusions of the Policy) may exist.  Plaintiff therefore reserves the right to assert all defenses that may pertain to Plaintiff once the precise nature of the allegations in the Complaint are determined.

## TWENTIETH AFFIRMATIVE DEFENSE

72.     Plaintiff reserves and asserts all affirmative defenses available under any applicable federal and state law, and reserves the right to supplement or amend these affirmative defenses or raise any other affirmative defenses as this matter proceeds.

## CROSS-CLAIM AGAINST ALL CO- DEFENDANTS

Plaintiff/Counter-Claim Defendant, Tudor Insurance Company ("Tudor"), by way of cross-claim against all other Counter-Claim Defendants (the "Other Counter-Claim Defendants"), alleges:

### FIRST CAUSE OF ACTION
### (Declaratory Judgment)

1.      Defendant/Counter-Claim Plaintiff, First Advantage Litigation Consulting, LLC ("Defendant") in this action, through its Counter-Claim Complaint, seeks a judgment declaring the rights and obligations of the parties under several policies of insurance issued by the Counter-Claim Defendants, including certain policies issued by Tudor.

2.      Tudor has denied any and all liabilities for the claims set forth in the Counter-Claim.

3.      The Other Counter-Claim Defendants' policies owe a defense to Defendant for the Underlying Action.

4.      The Other Counter-Claim Defendants' policies owe indemnity to Defendant for the Underlying Action.

5.      The Other Counter-Claim Defendants' obligation to provide a defense and indemnity to Defendant for the Underlying Action is primary and non-contributory.

6.      This Court should declare the Other Counter-Claim Defendants, and not Tudor, owe the primary defense and indemnity to Defendant for the Underlying Action.

### SECOND CAUSE OF ACTION
### (Equitable Contribution/Indemnification)

7.      Tudor repeats and realleges each of the foregoing paragraphs as though fully set herein.

17

8.     The Other Counter-Claim Defendants have wrongfully and improperly failed to provide a defense and/or indemnity to Defendant for the Underlying Action.

9.     The Tudor Policies contain terms and conditions that provide, among other things, that any coverage available under the policy shall constitute excess insurance over and above any other insurance available to the insured.

10.     The Tudor Policies contain terms and conditions that provide, among other things, that in the event other insurance shall apply to a loss, such other insurance shall contribute to the loss and that the Tudor policies shall not contribute in an amount greater than its proportionate share.

11.     While denying liability to Defendant/Counter-Claim Plaintiff, Tudor asserts that, to the extent that Tudor is found liable, each other insurance company defendant in this action is required to contribute a proportional share and/or indemnify Tudor for any amount it may be adjudged liable to the Defendant/Counter-Claim Plaintiff.

**WHEREFORE**, Plaintiff/Counter-Claim Defendant, Tudor prays for judgment as follows:

1.     That the Court dismiss, with prejudice, the Counter-Claim as against it, together with reasonable attorney's fees, costs and disbursements, and for such other and different relief as this Court deems just;

2.     Determining and declaring the rights and obligations of all Counter-Claim Defendants vis-à-vis each other under all policies of insurance with respect to the claims which are the subject of the Defendant's Counter-Claim.

3.     Tudor demands judgment for indemnification or contribution from the Other Counter-Claim Defendants and awarding attorney fees, interests and costs of suit.

4.      That the Court award Plaintiff/Counter-Claim Defendant, Tudor its attorneys' fees incurred in defending this Counter-Claim; and

5.      That the Court award such other and further relief as this Court deems just and proper.

## ANSWER TO ALL CROSS-CLAIMS

Plaintiff Counter-Claim Defendant Tudor denies the allegations of any and all cross-claims already filed or to be filed by any party in this action as they may relate to this defendant.

CARROLL, McNULTY & KULL, LLC

BY:  s/ Ann Odelson
      Ann Odelson, Esq. (AO9681)
      Carroll, McNulty & Kull, LLC
      570 Lexington Avenue, 8th Floor
      New York, New York 10022
      (646) 625-4000 (telephone)
      (646) 625-4044 (fax)
      E-mail: aodelson@cmk.com
      Attorneys for Plaintiff/Counter-Claim
      Defendant Tudor Insurance Company

Dated:   July 18, 2011
       New York, New York

## CERTIFICATION

I hereby certify that on July 18, 2011, a true and correct copy of the foregoing document was filed with the court through the electronic case filing system. The electronic case filing ("ECF") system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented to accept this notice as service of this document by electronic means:

Edward J. Stein, Esq.
Anderson Kill & Olick, PC
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212-278-1000
estein@andersonkill.com
**Attorneys for Defendant/Counter-Claim Plaintiff**
**First Advantage Litigation Consulting, LLC**

Judith F. Goodman, Esq.
Thomas J. Cirone, Esq.
GOODMAN & JACOBS LLP
75 Broad Street, 30th Floor
New York, NY  10004
Phone: (212) 385-1191
jgoodman@goodmanjacobs.com
tcirone@goodmanjacobs.com
**Attorneys for Counter-Claim Defendant**
**Federal Insurance Company**

I further certify that on July 18, 2011, a true and correct copy of the foregoing document was sent by regular mail via United States Postal Service to those attorneys of record who, to date, have not consented to accept Notice as service by ECF:

Todd R. David, Esq.
Alexander S. Lorenzo
ALSTON & BIRD LLP
90 Park Avenue
New York, NY  10016
Phone: (212) 910-9400
todd.david@alston.com
alexander.lorenzo@alston.com

**Attorneys for Counter-Claim Defendant**
**American International Specialty Lines**
**Insurance Company**

Kevin T. Coughlin, Esq.
Kevin MacGillivray, Esq.
COUGHLIN DUFFY LLP
88 Pine Street, 28th Floor
New York, NY 10005
Phone: (212) 483-0105
kcoughlin@coughlinduffy.com
kmacgillivray@coughlinduffy.com
**Attorneys for Counter-Claim Defendant**
**Zurich American Insurance Company**

By:    s/ Ann M. Odelson_____
       Ann M. Odelson, Esq.
       Fed. Bar #(AO9681)
       **Carroll McNulty & Kull LLC**
       570 Lexington Avenue, 8th Floor
       New York, NY 10022
       Telephone: 646-625-4000
       Fax: 646-625-4044
       E-Mail: aodelson@cmk.com
       Attorneys for Plaintiff/Counter-Claim
       Defendant Tudor Insurance Company

Dated:   July 18, 2011
        New York, New York