UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

TUDOR INSURANCE COMPANY,                          Case No.
                                                  11 CV 3567 (LAK)
                          Plaintiff,

          -against-

FIRST ADVANTAGE LITIGATION
CONSULTING, LLC,
                          Defendant.

-------------------------------------------------------------------X

FIRST ADVANTAGE LITIGATION
CONSULTING, LLC,

                                   Counter-Claimant and Cross-
                                   Complainant,

          -against-

AMERICAN INTERNATIONAL SPECIALTY
LINES INSURANCE COMPANY, FEDERAL
INSURANCE COMPANY, TUDOR INSURANCE
COMPANY, ZURICH AMERICAN INSURANCE
COMPANY,

                                   Counter-Claim Defendants
-------------------------------------------------------------------X


FEDERAL INSURANCE COMPANY'S
MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO DISMISS AND CHANGE VENUE


Of Counsel:

          Judith F. Goodman
          Thomas J. Cirone

Counter-Claim Defendant Federal Insurance Company ("Federal") respectfully submits this Memorandum of Law, along with the Declaration of Thomas J. Cirone, dated August 3, 2011 ("Cirone Dec."), in opposition to Defendant-Counter-Claimant-Cross- Complainant First Advantage Litigation Consulting, LLC's ("First Advantage") motion to dismiss, stay or transfer venue.

## PRELIMINARY STATEMENT

Federal respectfully submits that First Advantage has not satisfied its burden that a transfer of venue is warranted. First Advantage ratified the selection of this judicial district as an appropriate forum by impleading Federal as well as Counter-Claim Defendants American International Specialty Lines Insurance Company ("AISLIC") and Zurich American Insurance Company ("Zurich"). Though there is no time limit for a venue motion, Federal respectfully submits that the proceedings to date, including impleading additional parties into this action, thus acknowledging that this venue was proper, warrant that the venue remain in this district.

Federal also submits that any determination of what law governs the various insurance policies at issue would be grossly premature and should not be determined until certain discovery is taken. Although First Advantage contends that a New Jersey district court is a more appropriate venue in part because New Jersey law should be applied, Federal respectfully submits that under New York's choice of law rules, California law may be applicable to the insurance policies issued by Federal. Any such determination should await a more complete record.

1

ARGUMENT

A.    Determination of What Law Should Be Applied Is Premature

In diversity actions, federal courts apply the forum state's choice of law rules. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020 (1941). New York's choice of law rules for the interpretation of contracts, including insurance contracts, require application of the law of the state that has the most "significant contacts" to the matter in dispute. Matter of Allstate Ins. Co. (Stolarz), 81 N.Y.2d 219, 226-27, 597 N.Y.S.2d 904 (1993).

Where a liability insurance policy covers risks in multiple states, the state with the most significant contacts is generally the state of the insured's domicile. Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp., 36 A.D.3d 17, 24, 822 N.Y.S.2d 30 (1st Dep't), aff'd, 9 N.Y.3d 928, 844 N.Y.S.2d (2007). For purposes of determining what law governs, "a corporate insured's domicile is the state of its principal place of business, not the state of its incorporation." Id. at 25. See also: Appalachian Insurance Company v. Riunione Adriatic Di Sicurata, 60 A.D.3d 495, 875 N.Y.S.2d 57 1st Dep't 2009). In Lumbermens Mutual Casualty Co. v. RGIS Specialists, LLC, 2009 WL 137055 (S.D.N.Y. 2009), the district court, although declining to apply a "bright-line rule," held that Michigan law applied where Michigan was the principal place of business of the named insured, the insured's broker was located in Michigan, the policy was delivered to the insured in Michigan and the insured paid the policy premiums in

2

Michigan from a Michigan bank notwithstanding that the additional insureds were domiciled in Connecticut, not Michigan.

First Advantage contends that a New Jersey district court is an appropriate venue in part because New Jersey law should be applied to this dispute (see, moving Memorandum of Law at page 10). Federal respectfully submits that the Court should not consider the choice of law issue as part of this venue motion.

Federal issued its Chubb Commercial Excess And Umbrella Insurance policy, policy no. 7981-29-65, for the policy period April 19, 2002 to April 19, 2003, to First American Corporation ("First American"); Federal issued its Chubb Commercial Excess And Umbrella Insurance policy, policy no. 7981-29-65, for the policy period April 19, 2003 to April 19, 2004, to First American; Federal issued its Chubb Commercial Excess And Umbrella Insurance policy, policy no. 7981-29-65, for the policy period April 19, 2004 to April 19, 2005, to First American; and Federal issued its Chubb Commercial Excess And Umbrella Insurance policy, policy no. 7981-29-65, for the policy period April 19, 2005 to April 19, 2006, to First American (collectively, the "Federal Excess/ Umbrella Policies"). Cirone Dec. Exh. B, ¶ 20; Exh. C. The address on the Federal Excess/ Umbrella Policies for First American is Santa Ana, California. Id. The producer on the Federal Excess/ Umbrella Policies is identified as Diversified Insurance Brokers of Utah, Inc. at a Salt Lake City, Utah address. Id.

First Advantage alleges that it is a wholly-owned subsidiary of First American. Cirone Dec. Exh. A, Counter-Claim at ¶ 6. In an unrelated action in the United States District Court for the Northern District of Texas, First American admitted in 2004, during one of the policy periods of the Federal Excess/ Umbrella Policies, that its principal place of business was in California. Id. Exh. D, ¶¶ 2.

Federal respectfully submits that it would be premature for this Court to rule on what law governs the insurance policies at issue here until all parties have the opportunity to take discovery relating to the choice of law issue, and that the Court should not consider choice of law in determining whether venue in this judicial district is appropriate.

B.    First Advantage Ratified This Judicial District as an Appropriate Venue

First Advantage bears the heavy burden of showing by clear and convincing evidence that venue in this district is inappropriate. New York Marine & General Insurance Co. v. Lafarge North America, Inc., 599 F.3d 102, 113 (2d Cir.2010). Federal respectfully submits that having ratified Tudor's selection of this judicial district as an appropriate venue by impleading Federal and the other Counterclaim Defendants, First Advantage should not be permitted to retreat from the ratification.

In its Counter-Claim, First Advantage averred that venue in this district was proper. Cirone Dec. Exh. A Counter-Claims ¶ 3. First Advantage impleaded AISLIC,

4

Zurich and Federal into this action. Id. The impleaded parties have answered the

Counter-Claim. Cirone Dec. ¶ 5. Counsel for all parties participated in a Rule 26(f)

conference call Id. ¶ 3. Discovery would now be proceeding had First Advantage not

made this motion. Having availed itself of this judicial district, First Advantage should

not now be heard to complain that it is inconvenient.


<u>CONCLUSION</u>

WHEREFORE, Counter-Claim Defendant Federal Insurance Company

respectfully requests that the Court deny First Advantage's motion in its entirety.


Dated: New York, New York
        August 3, 2011


                                    GOODMAN & JACOBS LLP
                                    Attorneys for Counter-Claim
                                    Defendant Federal Insurance
                                    Company


                        By:    _____
                                    Judith F. Goodman (JG7031)
                                    jgoodman@goodmanjacobs.com

                                    Thomas J. Cirone (TC1510)
                                    tcirone@goodmanjacobs.com


                                    75 Broad Street, 30th Floor
                                    New York, New York 10004
                                    (212) 385-1191

5

To:

Carroll McNulty & Kull LLC
Attorneys for Plaintiff Tudor Insurance Company
570 Lexington Avenue, 8th Floor
New York, New York 10022
(646) 625-4000
Fax 646-625-4044

Anderson Kill & Olick
Attorneys for Defendant, Counter-Claimant and
Cross-Complainant First Advantage
Litigation Consulting, LLC
1251 Avenue of the Americas
New York, New York 10020
(212) 278- 1745
Fax (212) 278-1733

Alston & Bird LLP
Attorneys for Counter-Claim Defendant
American International Specialty Lines Insurance Company
90 Park Avenue
New York, New York 10016
(212) 910-9400

Coughlin Duffy LLP
Attorneys for Counter-Claim Defendant
Zurich American Insurance Company
88 Pine Street, 28th Floor
New York, New York 10005
(212) 483-0105

First.Advantage.MOL.Venue