ANDERSON KILL & OLICK, P.C.
EDWARD J. STEIN
JEFFREY E. GLEN
1251 Avenue of the Americas
New York, New York  10020
P: (212) 278-1000
F: (212) 278-1733

Attorneys for Defendant, Counter-Claimant,
and Cross-Complainant First Advantage
Litigation Consulting, LLC

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TUDOR INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>FIRST ADVANTAGE LITIGATION CONSULTING, LLC,<br><br>　　　　Defendant | Case No. 11CV3567 (LAK)<br>(Electronically Filed) |
| FIRST ADVANTAGE LITIGATION CONSULTING, LLC,<br><br>　　　　Counter-Claimant and<br>　　　　Cross-Complainant,<br><br>　vs.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, TUDOR INSURANCE COMPANY, and ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　Counter-Claim Defendants | |

**FIRST ADVANTAGE LITIGATION CONSULTING, LLC'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS, STAY, OR TRANSFER THIS ACTION**

NYDOCS1-972959.6

## INTRODUCTION

Defendant, Counter-Claimant, and Cross-Complainant, First Advantage Litigation Consulting, LLC ("First Advantage"), respectfully submits this reply memorandum of law in support of its motion to dismiss, stay, or transfer this action.[1]

## ARGUMENT

I. **THE COURT SHOULD DECLINE JURISDICTION UNDER 28 U.S.C. § 2201 AND REFUSE TO APPLY THE FIRST-FILED RULE**

A. **The New York Action Constituted Anticipatory Litigation**

Employers Ins. of Wausau v. Fox Entertainment Group, Inc. ("Wausau"), on which Tudor principally relies in its opposition memorandum, affirms the Second Circuit's view that the first-filed rule does not apply where special circumstances exist. 522 F.3d 271, 275 (2d Cir. 2008); see also N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (citing Wausau for this proposition). Whether special circumstances exists in a particular case is a fact determination that lies within the court's sound discretion. See Hanson PLC v. Metro-Goldwyn-Mayer Inc., 932 F. Supp. 104, 107 (S.D.N.Y. 1996).

Contrary to Tudor's assertions, Wausau does not disprove that Tudor engaged in anticipatory litigation. First, Wausau did not explicitly overrule Continental Ins. Cos. v. Wickes Cos., Inc., No. 90 CIV 8215 (KMW), 1991 WL 183771, at *5 (S.D.N.Y. Sep. 6, 1991) ("Continental"), which held that an insurance company engages in anticipatory litigation when, after having received notice of a claim from the

---

[1] This reply memorandum responds to the opposition memorandum of Tudor Insurance Company ("Tudor"). First Advantage reserves the right to incorporate this memorandum, in whole or in part, into any future reply memoranda that it files in support of its motion to dismiss, stay, or transfer this action. Furthermore, First Advantage reserve all rights to state additional and different points in opposition to Tudor's motion to enjoin First Advantage from prosecuting the New Jersey Action.

policyholder, it files a declaratory judgment action and shortly thereafter communicates its declination of coverage to the policyholder.[2] In fact, Wausau does not even mention Continental.

Other cases standing for the same or similar proposition that Continental advances remain good law. See, e.g., Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978) ("Factors") (abrogated on other grounds) (stating that "[w]hen the declaratory judgment action has been triggered by a notice letter, this equitable consideration may be a factor in the decision to allow the later filed action to proceed to judgment in the plaintiffs' chosen forum");[3] Gotham Ins. Co. v. Plant Maint. Serv. Co., No. 94 CIV. 1461, 1994 WL 714302, at *3 (S.D.N.Y. Dec. 22, 1994) ("Gotham") (holding that insurance company's lawsuit – filed less than two months after communicating denial of coverage to the policyholder – was anticipatory because the insurance company "could reasonably be expected to have anticipated that defendant [the policyholder] would soon be filing an action in support of the claim which it had rejected").

Second, Wausau is distinguishable on its facts. In the instant case, Duke Wahlquist – First Advantage's coverage counsel – stated in his email reporting the claim that (1) the "matter is currently scheduled for trial on April 11" (11 days from the date of

---

[2] Tudor concedes that Wausau does not expressly overrule Continental or Gotham. Opp'n Mem. at 12 n.4.

[3] Wausau cites Factors affirmatively for the proposition that "the district court properly allowed [the] later-filed suit to proceed because [the] first-filed declaratory judgment suit was triggered by [a] notice letter and was therefore in apparent anticipation of the later-filed suit." Wausau, 522 F.3d at 276.

[5] "Jardine Decl." refers to the Declaration of Bret T. Jardine which was filed contemporaneously with this memorandum.

the email) and (2) "it is imperative that we secure Tudor's prompt participation in this matter." Wahlquist Decl. ¶ 5. In Wausau, by contrast, the policyholder's claims manager – not its outside coverage counsel – gave notice of the claim and did not set forth a time frame during which action from the insurance company was necessary. Employers Ins. Of Wausau v. News Corp., 439 F. Supp. 2d 328, 332 (S.D.N.Y. 2006). Furthermore, the insurance company in Wausau did not engage in deceptive behavior to stall the policyholder while it drafted and filed a complaint, as occurred here. See infra at 3-6.

Third, cases subsequent to Wausau have held litigation to be anticipatory even where the notice letter contained no filing date, no filing forum, and no direct threat of litigation. See, e.g., Revise Clothing, Inc. v. Levi Strauss & Co., No. 10 Civ. 5843 (DAB), 2010 WL 4964099, at *3 (S.D.N.Y. Dec. 6, 2010) (though defendant's cease and desist letter contained no filing date, no filing forum, and no direct threat of litigation, the court nevertheless held that the letter was sufficient notice to the plaintiff such that its filing of the first action was deemed anticipatory). In light of the urgency conveyed in Wahlquist's email, Tudor's precipitous filing is definitionally anticipatory.

### B. Tudor's Manipulative Behavior Constitutes Special Circumstances Rebutting Application Of The First-Filed Rule

The Second Circuit has held that "special circumstances" warranting departure from the first-filed rule include evidence of "manipulative or deceptive behavior on the part of the first-filing plaintiff." N.Y. Marine and Gen. Ins. Co., 599 F.3d at 112 (citing Wausau, 522 F.3d at 276); Scarola Ellis LLP v. Skyworks Ventures, Inc., No. 09 Civ. 10003 (DLC), 2010 WL 3452381, at *4 (S.D.N.Y. Sept. 1, 2010) ("Scarola").

Courts have found such manipulative or deceptive behavior in a variety of scenarios. See, e.g., Scarola, 2011 WL 3452381, at *4 (holding that evidence of plaintiff's manipulative behavior, demonstrating special circumstances, included abandoning his first lawsuit as defendants' time to answer neared and not serving defendants until significantly after he filed the action). For example, "special circumstances that warrant exceptions to the first filed rule include the defendant's good faith attempts at settlement." Riviera Trading Corp. v. Oakley, Inc., 944 F. Supp. 1150, 1158 (S.D.N.Y. 1996) (internal quotations omitted). See also Revise Clothing, Inc., 2010 WL 4964099, at *3 (stating that "[w]here a party is prepared to pursue a lawsuit, but first desires to attempt settlement discussions, that party should not be deprived of the first-filed rule's benefit simply because its adversary used the resulting delay in filing to proceed with the mirror image of the anticipated suit.").

Indeed, numerous courts have held that where the first-filing party essentially tricked the other side into not pursuing legal action, either with the promises of a formal response or settlement discussions, such deceptive conduct constituted "special circumstances" rebutting the first-filed presumption. See, e.g., Revise Clothing, Inc., 2010 WL 4964099, at *3 (holding that plaintiff's repeated representations to defendant that it was "consider[ing] the situation" and "plan[ned] to respond fully to [defendant's] requests immediately," only to file suit the very next day, evidenced "special circumstances" warranting departure from the first-filed rule); S&S Candies, Inc. v. Hershey Foods Corp., No. 00 Civ. 5243 (DLC), 2000 WL 1425092, at *2 (S.D.N.Y. Sept. 26, 2000) (dismissing first-filed action in favor of second-filed action because "[a]llowing [the] case to proceed in the Southern District of New York would unfairly

penalize Hershey for its attempts to settle its dispute with S&S without resorting to litigation."); Fuji Photo Film Co., Ltd. v. Deep Creek Design, Inc., No. 98 Civ. 2776 (JSM), 1998 WL 872416, at *2 (S.D.N.Y. Dec. 15, 1998) (holding that special circumstances overcame the first-filed presumption where plaintiff filed suit after defendant had communicated with plaintiff regarding settlement and was awaiting a promised reply from plaintiff); Hanson PLC, 932 F. Supp. at 107 (finding "special circumstances" where filing party lulled defendants into waiting by promising response to defendants' cease and desist letter); Riviera Trading Corp., 944 F. Supp. at 1159 (rejecting application of first-filed rule, in part, because plaintiff's lawsuit was filed in response to defendant's ongoing correspondence with plaintiff in a good faith attempt to settle the case); Capitol Records, Inc. v. Optical Recording Corp., 810 F. Supp. 1350, 1354 (S.D.N.Y. 1992) (stating that applying the first-filed rule, after defendant sent plaintiff a letter proposing further settlement discussions and avoiding litigation and plaintiff filed suit that same day, would undermine the policy of promoting good faith attempts at settlement); Don King Prods., Inc. v. Douglas, 735 F. Supp. 522, 533 (S.D.N.Y. 1990) (finding special circumstances where plaintiff promised to answer settlement offer but filed suit instead).

In this case, Tudor exhibited manipulative and deceptive behavior by tricking First Advantage into thinking the parties could resolve the subject coverage dispute, all the while planning to institute this preemptory action. Specifically, First Advantage provided Tudor with notice of the Underlying Litigation on March 31, 2011, and provided constant cooperation with Tudor thereafter. NY Compl. ¶ 44; Wahlquist Decl. ¶¶ 5-7.

After several communications with Tudor representatives, Tudor's claims handler told First Advantage on April 19, 2011 that Tudor's coverage counsel was "still reviewing" the matter. Id. ¶ 8. Instead of instituting its own action, First Advantage waited and then, on April 21, 2011, Tudor's claims representative wrote First Advantage saying that Tudor's "coverage attorney has completed her research and a position letter will be sent out in the next day or so," making no mention of an impending lawsuit. Id. ¶ 9.

Five days later, after First Advantage had waited for a supposed immediate coverage determination, Tudor's coverage counsel called First Advantage to say not only that Tudor was denying coverage for the Underlying Litigation, but that it had already filed a declaratory judgment action in New York against First Advantage regarding the same. Id. ¶ 10.

First Advantage has shown that Tudor took advantage of First Advantage's willingness to forbear a lawsuit - and its trust that its insurance company properly would provide the insurance coverage for which it paid - and used the time period when the parties were discussing the issue of coverage to prepare a lawsuit against First Advantage. Such manipulative and deceptive conduct necessitates a finding of "special circumstances" overcoming the first-filed presumption.

### C.     The New York Action Is The Result Of Forum Shopping

Tudor has not disproved that it engaged in forum shopping. Evidence of forum shopping exists when "the first-filing plaintiff ... engage[d] in some manipulative or deceptive behavior." Wausau, 522 F.3d at 276. As demonstrated above, Tudor acted deceptively, asking for additional information and promising to render a decision, all the while preparing a lawsuit. Notably, Tudor fails in its opposition memorandum to address

the notion that they are trying to take advantage of the strict forfeiture notice rule. Forum shopping constituted the only motivation for Tudor's choice of a New York forum. Tudor is a New Jersey entity and the Underlying Litigation took place in New Jersey. New Jersey is the logical forum for this dispute.

### D. Proceeding In This Forum Contravenes The Rationale For The First-Filed Rule When First Advantage Is The Natural Plaintiff

The first-filed rule should not apply here when it will deprive the natural plaintiff, First Advantage, from litigating in its forum of choice. The first-filed rule aims to "honor[ ] the plaintiff's choice of forum." Scarola, 2010 WL 3452381, at *4 (citing Wausau, 522 F.3d at 275). Here, Tudor is not the natural plaintiff. Accordingly, resolution of this dispute in this forum will contravene the rationale underlying the first-filed rule. The Court should dismiss or stay the New York Action.

## II. THE COURT SHOULD TRANSFER THE NEW YORK ACTION PURSUANT TO 28 U.S.C. SECTION 1404

The Court should exercise its discretion to transfer the New York Action to the United States District Court for the District of New Jersey. "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." Scarola, 2010 WL 3452381, at *3 (internal quotations omitted).

Tudor understates this dispute's connection to New Jersey. The location of the Underlying Litigation is of significant import in that documents will be more easily accessed in New Jersey and the forum will have a connection to the dispute in that the Underlying Litigation took place there. Furthermore, some of the witnesses from the Underlying Litigation (many of whom were from New Jersey) will also be witnesses in the insurance coverage litigation.

        To inflate any connection between this dispute and New York, Tudor attempts to focus the Court on an incorrect time frame. "The conveniences should be measured at the time they are balanced … since the court's primary concern is determining the connection between the action and the forum." Wausau, 522 F.3d at 277 n.5. Therefore, any allegations regarding where the insurance policies were brokered or where Backtrack was located are irrelevant for purposes of determining the appropriate venue for this dispute today. Furthermore, Tudor conflates the choice of forum analysis with a choice of law analysis. The choice of forum analysis does not concern where the policies were negotiated, issued, and delivered, but convenience factors such as the parties' current locations.

        Tudor also makes much of the fact that First Advantage maintains offices in New York. First Advantage also maintains offices in Bangalore, Brussels, Hong Kong, London, Los Angeles, Munich, New York, Tokyo, and Washington, D.C. Jardine Decl. ¶ 6.[5] Furthermore, the New York offices constitute only a small portion of the First Advantage companies' operations, and all of the operative documents and management are housed at the First Advantage Corporation's headquarters in Florida. Id. ¶¶ 4, 7-9.

        Zurich American Insurance Company ("Zurich") indicates in its reply to First Advantage's motion that its statutory home office is located in New York. This fact is true but besides the point. Any relevant witnesses and Zurich's books and records likely will be located in Illinois, where its maintains its principal place of business, and not at its statutory location.

## CONCLUSION

For the aforementioned reasons, the Court should dismiss, stay, or transfer this action.

August 12, 2011

By: /s/ Edward J. Stein
Edward J. Stein, Esq.
Jeffrey E. Glen, Esq.
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
P: (212) 278-1000
F: (212) 278-1733

Attorneys for FIRST ADVANTAGE LITIGATION CONSULTING, LLC