ANDERSON KILL & OLICK, P.C.
EDWARD J. STEIN
JEFFREY E. GLEN
1251 Avenue of the Americas
New York, New York 10020
P: (212) 278-1000
F: (212) 278-1733

Attorneys for Defendant, Counter-Claimant,
and Cross-Complainant First Advantage
Litigation Consulting, LLC

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TUDOR INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>FIRST ADVANTAGE LITIGATION CONSULTING, LLC,<br><br>        Defendant | Case No. 11CV3567 (LAK)<br>(Electronically Filed) |
| FIRST ADVANTAGE LITIGATION CONSULTING, LLC,<br><br>        Counter-Claimant and Cross-Complainant,<br><br>vs.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, TUDOR INSURANCE COMPANY, and ZURICH AMERICAN INSURANCE COMPANY,<br><br>        Counter-Claim Defendants | |

**FIRST ADVANTAGE LITIGATION CONSULTING, LLC'S MEMORANDUM OF LAW
IN REPLY TO THE OPPOSITION OF FEDERAL INSURANCE COMPANY AND
IN OPPOSITION TO TUDOR INSURANCE COMPANY'S CROSS-MOTION
<u>TO ENJOIN PROSECUTION OF THE NEW JERSEY ACTION</u>**

Defendant, Counter-Claimant, and Cross-Complainant, First Advantage Litigation Consulting, LLC ("First Advantage"), respectfully submits this memorandum of law in reply to the opposition memorandum of Counter-Claim Defendant Federal Insurance Company ("Federal") and in opposition to the Cross-Motion to Enjoin Prosecution of Plaintiff, Tudor Insurance Company ("Tudor").

First Advantage has set forth its positions and authorities in detail in its prior filings. Accordingly, First Advantage incorporates herein by reference its initial [Docket No. 23] and reply [Docket No. 48] memoranda in support of its motion to dismiss, stay, or transfer. To the extent that Federal and Tudor have raised new issues in the memoranda to which First Advantage currently responds, First Advantage addresses those arguments here.

## **ARGUMENT**

### I.  THE COURT SHOULD DENY TUDOR'S CROSS-MOTION TO ENJOIN PROSECUTION OF THE NEW JERSEY ACTION

The Court should deny Tudor's cross-motion to enjoin prosecution of the New Jersey Action for several reasons. First, Tudor's request for an injunction is premised on application of the first-filed rule. As explained in First Advantage's initial and reply memoranda filed in support of its motion to dismiss, stay, or transfer, the first-filed rule does not apply where the first-filed party engages in anticipatory litigation, forum shopping, and/or manipulative and deceptive conduct.

Second, Tudor has not established that First Advantage's claims in the New Jersey Action – particularly its claims against American International Specialty Lines Insurance Company, Federal, and Zurich American Insurance Company - "should

have been interposed as compulsory counterclaims to the claims in the suit pending before it." See Computer Associates Int'l, Inc. v. Altai, Inc., 893 F.2d 26, 28-29 (2d Cir. 1990) (denying motion to enjoin prosecution of second-filed action where first filing party did not prove that the second filed action's claims constituted compulsory counterclaims that should have been asserted in the first-filed action).

## II. THE COURT SHOULD GRANT FIRST ADVANTAGE'S MOTION TO DISMISS, STAY, OR TRANSFER

Federal's argument that First Advantage ratified New York as the forum for this insurance coverage dispute fails. Notably, Federal provides no legal support for this proposition. Furthermore, First Advantage's counterclaim specifically states that said claims were asserted to preserve First Advantage's rights and were not an admission as to the propriety of the forum. [Docket No. 9, pp. 9-10].

## CONCLUSION

For the aforementioned reasons, the Court should dismiss, stay, or transfer this action and deny Tudor's motion to enjoin prosecution of the New Jersey Action.

August 17, 2011

By: /s/ Edward J. Stein
Edward J. Stein, Esq.
Jeffrey E. Glen, Esq.
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020
P: (212) 278-1000
F: (212) 278-1733

Attorneys for FIRST ADVANTAGE LITIGATION CONSULTING, LLC

2