UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TUDOR INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>FIRST ADVANTAGE LITIGATION CONSULTING, LLC,<br><br>　　　　　Defendant.<br><hr>FIRST ADVANTAGE LITIGATION CONSULTING, LLC,<br><br>　　　　　Counter-Claimant and<br>　　　　　Cross-Complainant<br><br>　　　vs.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, TUDOR INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　　Counter-Claim Defendants. | Civil Action No.:  11 cv 3567 (LAK)<br><br>**ECF Case**<br><br>**PLAINTIFF/COUNTER-CLAIM DEFENDANT  TUDOR INSURANCE COMPANY'S ANSWER TO THE CROSS-CLAIM OF COUNTER-CLAIM DEFENDANT ZURICH AMERICAN INSURANCE COMPANY** |

　　　Plaintiff/Counter-Claim Defendant, Tudor Insurance Company, ("Tudor"), by and through its attorneys, Carroll McNulty & Kull LLC, answering the Cross-Claim of the Counter-Claim Defendant, Zurich American Insurance Company ("Zurich"), states as follows:

## ZURICH'S CROSS-CLAIM AGAINST TUDOR
**(Declaratory Judgment for Contribution, Allocation, and Reimbursement)**

1.  The allegations of this Paragraph of Zurich's Cross-Claim are not directed at Tudor and incorporate the allegations of Zurich's Answer to the Counterclaim filed by Defendant/Counter-Claimant First Advantage Litigation Consulting, LLC ("First Advantage") such that no response is required. To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

2.  Tudor admits only that it issued the following liability policies to its named insured, Backtrack Reports Inc., the terms and conditions of which speak for themselves.

    A. Policy No. PGL 702267, in effect for the policy periods of January 17, 2001 through January 17, 2002 and January 17, 2002 through January 17, 2003;

    B. Policy No. PGL 714711, in effect for the policy period of January 17, 2003 through January 17, 2004;

    C. Policy No. PGL 722917, in effect for the policy period of January 17, 2004 through September 10, 2004 (collectively, the "Tudor Policies").

To the extent inconsistent therewith, Tudor denies the allegations of this Paragraph of the Cross-Claim

3.  Tudor admits only that the underlying action captioned, <u>NuWave Investment Corp., et al. v. Hyman Beck & Company, Inc., et al.</u>, was filed in the Superior Court of New Jersey, Morris County, Docket No. MRS-L-411-06 (the "Underlying Action"). Tudor denies having any knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and leaves Zurich to its proofs.

4. Tudor denies the allegations contained in this Paragraph.

5. Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and leaves Zurich to its proofs.

6. Tudor denies the allegations contained in this Paragraph.

7. Tudor denies the allegations contained in this Paragraph.

8. The allegations contained in this Paragraph are statements about Zurich's case such that no response is required. To the extent that a response is required, Tudor admits the allegations of this Paragraph.

### ZURICH'S CROSS-CLAIM AGAINST AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY ("AISLIC")
**(Declaratory Judgment for Contribution, Allocation, and Reimbursement)**

9. The allegations contained in this Paragraph are directed at Counterclaim Defendant AISLIC such that no response is required. To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

10. The allegations contained in this Paragraph are directed at Counterclaim Defendant AISLIC such that no response is required. To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

11. The allegations contained in this Paragraph are directed at Counterclaim Defendant AISLIC such that no response is required. To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

12. The allegations contained in this Paragraph are directed at Counterclaim Defendant AISLIC such that no response is required. To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

13. The allegations contained in this Paragraph are directed at Counterclaim Defendant AISLIC such that no response is required. To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

14. The allegations contained in this Paragraph are directed at Counterclaim Defendant AISLIC such that no response is required. To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

## CROSS-CLAIM AGAINST FEDERAL INSURANCE COMPANY ("FEDERAL")
**(Declaratory Judgment for Contribution and Allocation)**

15. The allegations contained in this Paragraph are directed at Counterclaim Defendant Federal such that no response is required. To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

16. The allegations contained in this Paragraph are directed at Counterclaim Defendant Federal such that no response is required. To the extent that a response is required, Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

## PRAYER FOR RELIEF

In response to Zurich's request for relief as to this Cause of Action, Tudor denies that Zurich is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

17. As its Affirmative Defenses to Zurich's Cross-Claim, Tudor incorporates by reference all the Affirmative Defenses Tudor has alleged in its Answer to the Counter-Claim of Defendant First Advantage.

### SECOND AFFIRMATIVE DEFENSE

18. The claims asserted by Zurich in the Cross-Claim fail to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

19. The Cross-Claim is not described with sufficient particularity to permit Tudor to ascertain what other defenses (including defenses based on terms, conditions or exclusions of the Policy) may exist. Plaintiff therefore reserves the right to assert all defenses that may pertain to Plaintiff once the precise nature of the allegations in the Cross-Claim are determined.

### FOURTH AFFIRMATIVE DEFENSE

20. Tudor reserves and asserts all affirmative defenses available under any applicable federal and state law, and reserves the right to supplement or amend these affirmative defenses or raise any other affirmative defenses as this matter proceeds.

### FIFTH AFFIRMATIVE DEFENSE

21. The allegations made against Tudor in the Cross-Claim are barred by the doctrine of waiver and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

22. The allegations made against Tudor in the Cross-Claim are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

23. The allegations made against Tudor in the Cross-Claim are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

24. Zurich's claims fail insofar as First Advantage has no standing to sue Tudor for the claims alleged in the Counterclaim.

### NINTH AFFIRMATIVE DEFENSE

25. The allegations made against Tudor in the Cross-Claim are barred, in whole or in part, by application of the Other Insurance provisions of the policies at issue herein.

### TENTH AFFIRMATIVE DEFENSE

26. The rights and obligations of First Advantage are defined and controlled by the limits of liability, terms, exclusions, conditions and other provisions of the Policies placed at issue herein. The terms, exclusions, conditions and other provisions of the Policies are too voluminous to itemize as affirmative defenses, and are therefore incorporated by reference herein.

### ELEVENTH AFFIRMATIVE DEFENSE

27. Tudor hereby incorporates by reference each defense asserted by any co-counterclaim defendant in this action not stated herein.

### TWELFTH AFFIRMATIVE DEFENSE

28. Zurich's claims fail as there is no coverage for First Advantage under the Tudor Policies for its voluntary payments, assumed liability or incurred any expense without Tudor's consent.

### THIRTEENTH AFFIRMATIVE DEFENSE

21. Zurich's claims are barred, or limited, insofar as there is no coverage under the Tudor policies for any costs incurred by First Advantage or Zurich before First Advantage's tender of the Underlying Action to Tudor. Tudor has no duty to reimburse such pretender defense or indemnity costs.

WHEREFORE, Tudor respectfully prays for judgment as follows:

A. For a declaration that Tudor has no duty to defend First Advantage in the Underlying Action;

B. For dismissal, with prejudice of the Cross-Claim of Zurich;

C. For judgment to be entered against Zurich and in favor of Tudor denying the relief sought by Zurich in the Cross-Claim; and

D. For such other and further relief as the Court deems just and equitable.

**JURY DEMAND**

Tudor demands a trial by jury on all issues so triable.

                        CARROLL McNULTY & KULL LLC

            BY:    s/ Margaret F. Catalano_____
                    Margaret F. Catalano Esq. (admitted Pro Hac)
                    Ann Odelson, Esq. (AO9681)
                    Carroll, McNulty & Kull, LLC
                    570 Lexington Avenue, 8th Floor
                    New York, New York 10022
                    (646) 625-4000 (telephone)
                    (646) 625-4044 (fax)
                    E-mail: mcatalano@cmk.com
                             aodelson@cmk.com
                    Attorneys for Plaintiff/Counter-Claim
                    Defendant Tudor Insurance Company

Dated:   August 19, 2011
           New York, New York