ANDERSON KILL & OLICK, P.C.
EDWARD J. STEIN
1251 Avenue of the Americas
New York, New York 10020
(212) 278-1745
(212) 278-1733

Attorneys for Defendant, Counter-Claimant
and Cross-Complainant First Advantage
Litigation Consulting, LLC

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TUDOR INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>vs.<br><br>FIRST ADVANTAGE LITIGATION CONSULTING, LLC,<br><br>   Defendant. | Civil Action No. 1:11-cv-03567(LAK)<br><br>Hon. Lewis A. Kaplan, U.S.D.J. |
| FIRST ADVANTAGE LITIGATION CONSULTING, LLC,<br><br>   Counter-Claimant and Cross-Complainant,<br><br>vs.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, TUDOR INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY,<br><br>   Counter-Claim Defendants. | **DEFENDANT, COUNTER-CLAIMANT AND COUNTERCLAIM DEFENDANT FIRST ADVANTAGE LITIGATION CONSULTING, LLC'S ANSWER TO DEFENDANT, COUNTER-CLAIMANT AND CROSS-COMPLAINANT ZURICH AMERICAN INSURANCE COMPANY'S COUNTERCLAIM FOR DECLARATORY RELIEF** |
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>   Counter-Claimant and Cross-Complainant,<br><br>vs.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FIRST ADVANTAGE LITIGATION CONSULTING, LLC, and TUDOR INSURANCE COMPANY,<br><br>   Counter-Claim Defendants. | |

Defendant, Counter-Claimant, and Counterclaim Defendant First Advantage Litigation Consulting, LLC ("First Advantage"), hereby answers defendant, counter-claimant and cross-complainant Zurich American Insurance Company's Counterclaim for Declaratory Relief filed on July 29, 2011, as Document No. 34 in this action as follows:

1. In answer to paragraph no. 1 of Zurich's Counterclaim appearing on page 22 thereof, First Advantage answers, alleges and incorporates herein by reference the allegations of paragraphs 1 through 53 of its own Counterclaim filed in this matter on June 8, 2011 as Document No. 3. Except as specifically alleged in those paragraphs nos. 1 through 53 of its own Counterclaim, First Advantage denies the allegations of paragraph no. 1.

2. In answer to paragraph no. 2 of Zurich's Counterclaim appearing on page 22 thereof, First Advantage admits the same and further answers and alleges the allegations set forth in paragraph nos. 16 through 19 of First Advantage's own counterclaim filed in this action on June 8, 2011 as Document No. 3.

3. In answer to paragraph no. 3 of Zurich's Counterclaim appearing on page 22 thereof, First Advantage admits the same and further answers and alleges as set forth in paragraph no. 6 of its own Counterclaim filed in this matter on June 8, 2011 as Document No. 3.

4. In answer to paragraph no. 4 of Zurich's Counterclaim appearing on page 22 thereof, First Advantage admits the same and further answers and alleges as set forth in paragraph no. 17 of its own Counterclaim filed in this matter on June 8, 2011 as Document No. 3.

5. In answer to paragraph no. 5 of Zurich's Counterclaim appearing on page 22 thereof, First Advantage admits the same and further answers and alleges as set forth in

paragraph no. 17 of its own Counterclaim filed in this matter on June 8, 2011 as Document No. 3.

6. In answer to paragraph no. 6 of Zurich's Counterclaim appearing on page 22 thereof, First Advantage denies the legal conclusion stated therein.

7. In answer to paragraph no. 7 of Zurich's Counterclaim appearing on page 22 thereof, First Advantage admits that each of NuWave Investment Corp., Troy W. Buckner and John S. Ryan have sought damages for allegedly defamatory statements some of which were first published in October 2002 and subsequently republished thereafter. First Advantage further answers and alleges as set forth in paragraph nos. 28-32 of its own Counterclaim filed in this matter on June 8, 2011 as Document No. 3.

8. In answer to paragraph no. 8 of Zurich's Counterclaim appearing on page 23 thereof, First Advantage admits that the October 2002 publication occurred during the GLO 6821459-07 policy period but denies the legal conclusion that First Advantage is not now and has never been an insured under that policy. Except as specifically admitted herein, First Advantage denies the allegations of paragraph no. 8.

9. In answer to paragraph no. 9 of Zurich's Counterclaim appearing on page 23 thereof, First Advantage admits and alleges as set forth in paragraph nos. 28-32 of its own Counterclaim filed in this matter on June 8, 2011 as Document No. 3, including those allegations pertaining to Publication of the Other Information in conjunction with the other Disputed Statements.

10. In answer to paragraph no. 10 of Zurich's Counterclaim appearing on page 23 thereof, First Advantage admits and alleges as set forth in paragraph no. 44.b. of its own Counterclaim filed in this matter on June 8, 2011 as Document No. 3.

11. In answer to paragraph no. 10 of Zurich's Counterclaim appearing on pages 23-24 thereof, First Advantage denies the legal conclusions and other matters asserted therein.

12. In answer to paragraph no. 10 of Zurich's Counterclaim appearing on page 24 thereof, First Advantage denies the same.

13. There being no other allegations in Zurich's Counterclaim being directed to First Advantage, First Advantage does not answer any further allegations.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Waiver)

14. First Advantage answers that to the extent evidence may support the proposition that Zurich has done so, Zurich has waived application of exclusions in Zurich's policies.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

15. First Advantage answers that to the extent evidence may support the proposition, Zurich is estopped to enforce the application of the exclusionary provisions of Zurich's policies.

## THIRD AFFIRMATIVE DEFENSE

### (Application of New Jersey Law)

16. This dispute should be adjudicated not under the laws of the State of New York, but should instead be adjudicated under the laws of the State of New Jersey.

## FOURTH AFFIRMATIVE DEFENSE

### (Improper/Inconvenient Venue and/or Forum Nonconveniens)

17. Zurich's principal place of business is in Schaumberg Illinois, not New York, and the Underlying Lawsuit was adjudicated in New Jersey and was initiated by individuals inhabiting New Jersey. No parties to the Underlying Lawsuit are citizens of or reside in New

York. The Court should dismiss this matter or hold this matter in abeyance to permit the issues involved to be litigated to resolution in New Jersey or transfer this case to the United States District Court for New Jersey.

### FIFTH AFFIRMATIVE DEFENSE

### (Barred By Counterclaim)

18. Tudor's counterclaim is barred by matters alleged in First Advantage's counterclaim filed June 8, 2011 as Document No. 3.

### PRAYER FOR RELIEF

WHEREFORE, defendant, counterclaimant and counterclaim defendant First Advantage prays:

1. That this Court dismiss or abate this entire action to permit litigation in a more appropriate forum or, alternatively,

2. That this Court transfer venue in this matter to the United States District Court for the District of New Jersey or, alternatively,

3. For judgment on the merits dismissing Zurich's counterclaim against First Advantage and entering judgment on First Advantage's counterclaim in favor of First Advantage and against Zurich as follows:

    a. In the amount of compensatory damages, both special and general, proved at trial;

    b. For prejudgment interest in the maximum amount allowed by law from the date such damages became due;

    c. For declaratory relief stating the respective rights and obligations of the parties with respect to the Underlying Litigation; and

4. For such further relief as the Court in its discretion deems just and appropriate.

August 19, 2011

                    By:  /s/ Edward J. Stein
                         Edward J. Stein, Esq.
                         Jeffrey E. Glen, Esq.
                         Anderson Kill & Olick, P.C.
                         1251 Avenue of the Americas
                         New York, NY  10020
                         P:  (212) 278-1000
                         F:  (212) 278-1733
                         Attorneys for FIRST ADVANTAGE LITIGATION
                         CONSULTING, LLC