UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                            :
TUDOR INSURANCE COMPANY,                                    :
                                                            :
                            Plaintiff,                      :
                                                            :   Case No. 11-CV-3567 (LAK)
              vs.                                           :   (Electronically Filed)
                                                            :
FIRST ADVANTAGE LITIGATION                                  :
CONSULTING, LLC,                                            :
                                                            :
                            Defendant.                      :
                                                            :
-----------------------------------------------------------X
                                                            :
FIRST ADVANTAGE LITIGATION                                  :
CONSULTING, LLC,                                            :
                                                            :
                   Counter-Claimant and                     :
                   Cross-Complainant,                       :
                                                            :
              vs.                                           :
                                                            :
AMERICAN INTERNATIONAL SPECIALTY                            :
LINES INSURANCE COMPANY, *et al.*,                          :
                                                            :
                   Counter-Claim Defendants.                :
                                                            :
-----------------------------------------------------------X

**CROSS-CLAIM DEFENDANT AMERICAN INTERNATIONAL SPECIALTY
LINES INSURANCE COMPANY'S ANSWER AND DEFENSES TO CROSS-
CLAIMANT ZURICH AMERICAN INSURANCE COMPANY'S CROSS-CLAIM
AND CROSS-CLAIM AGAINST ZURICH AMERICAN INSURANCE COMPANY**

Cross-Claim Defendant American International Specialty Lines Insurance Company n/k/a Chartis Specialty Insurance Company ("AISLIC") hereby answers Cross-Claimant Zurich American Insurance Company's ("Zurich") Cross-Claim (the "Cross-Claim") as follows:

## FIRST DEFENSE

The Cross-Claim fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

AISLIC responds to the enumerated paragraphs of the Cross-Claim as follows:

### CROSS-CLAIM AGAINST COUNTERCLAIM DEFENDANTS

### CROSS-CLAIM AGAINST TUDOR INSURANCE COMPANY
(Declaratory Judgment for Contribution, Allocation, and Reimbursement)

1. Paragraph 1 requires no response. To the extent a response is required, AISLIC denies the allegations.

2. AISLIC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 2, and, therefore, AISLIC denies the allegations.

3. AISLIC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 3, and, therefore, AISLIC denies the allegations.

4. AISLIC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 4, and, therefore, AISLIC denies the allegations.

5. AISLIC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 5, and, therefore, AISLIC denies the allegations.

6. AISLIC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 6, and, therefore, AISLIC denies the allegations.

7. AISLIC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 7, and, therefore, AISLIC denies the allegations.

8.     AISLIC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 8, and, therefore, AISLIC denies the allegations.

### CROSS-CLAIM AGAINST AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY
(Declaratory Judgment for Contribution, Allocation, and Reimbursement)

9.     AISLIC admits that it sold an insurance policy to The First American Corporation, Policy Number 491-54-38, with a Policy Period from April 30, 2005 to April 30, 2006 (the "AISLIC Policy"). AISLIC further states that the AISLIC Policy speaks for itself as to its content and AISLIC denies the allegations in Paragraph 9 to the extent that they are inconsistent with the AISLIC Policy.

10.     AISLIC states that the AISLIC Policy and AISLIC's correspondence to First Advantage Litigation Consulting, LLC ("First Advantage") regarding First Advantage's claim for coverage under the AISLIC Policy, Claim Number 618-007903 (the "Claim Correspondence"), speak for themselves as to their content. AISLIC denies the allegations in Paragraph 10 to the extent that they are inconsistent with the AISLIC Policy and the Claim Correspondence. AISLIC lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 10, and, therefore, AISLIC denies the allegations.

11.     AISLIC states that the AISLIC Policy and the Claim Correspondence speak for themselves as to their content. AISLIC denies the allegations in Paragraph 11 to the extent that they are inconsistent with the AISLIC Policy and the Claim Correspondence. AISLIC lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 11, and, therefore, AISLIC denies the allegations.

12.     Denied.

13.     Denied.

14.     Denied.

## CROSS-CLAIM AGAINST FEDERAL INSURANCE COMPANY
### (Declaratory Judgment for Contribution and Allocation)

15.     AISLIC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 15, and, therefore, AISLIC denies the allegations.

16.     AISLIC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 16, and, therefore, AISLIC denies the allegations.

## PRAYER FOR RELIEF

AISLIC denies each and every allegation, assertion, and request for judgment in Zurich's Prayer for Relief.

## JURY DEMAND

Zurich's demand for a jury trial requires no response.

## DEFENSES

## THIRD DEFENSE

AISLIC denies any allegations not specifically admitted above.

## FOURTH DEFENSE

Zurich's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, laches and/or estoppel.

## FIFTH DEFENSE

AISLIC hereby incorporates all of the provisions, definitions, exclusions and conditions contained within the policy of insurance under which First Advantage purports to sue in its Counter-Claims.  Applying these provisions, any recovery is barred or should be reduced accordingly.

## SIXTH DEFENSE

Zurich's claims are barred, in whole or in part, to the extent there is valid and collectible insurance available to cover the claims made against First Advantage other than the policy of insurance under which First Advantage purports to sue in its Counter-Claims.

## SEVENTH DEFENSE

Zurich's claims are barred, in whole or in part, to the extent that First Advantage or its affiliates and/or subsidiaries do not qualify as insureds or named insureds under the policy of insurance under which First Advantage purports to sue in its Counter-Claims.

## EIGHTH DEFENSE

Zurich's claims are barred, in whole or in part, to the extent that the conditions precedent and subsequent to the existence of insurance coverage under the policy of insurance under which First Advantage purports to sue in its Counter-Claims have not been satisfied, including, but not

limited to, the extent of any requirement that prompt written notice be provided to AISLIC

concerning the claims and/or detailed notice as soon as practicable concerning any occurrence

that form the basis of the claims at issue.

### NINTH DEFENSE

Zurich's claims are barred to the extent that potential exposure to damages or to defense

or settlement costs has not been minimized or mitigated, or otherwise has prejudiced AISLIC.

### TENTH DEFENSE

Zurich's claims are barred, in whole or in part, to the extent that any applicable public

policy or express provision of law precludes or restricts coverage under the policy of insurance

under which First Advantage purports to sue in its Counter-Claims.

### ELEVENTH DEFENSE

Zurich's claims are barred, in whole or in part, because they are not ripe for adjudication.

### TWELFTH DEFENSE

Zurich's claims are barred, in whole or in part, because there is no case or controversy.

### THIRTEENTH DEFENSE

Zurich's claims are barred because the Court does not have jurisdiction.

### FOURTEENTH DEFENSE

Zurich's claims are barred because the total amount of the applicable defense or

indemnity costs have not exceeded the amount required to trigger liability pursuant to the policy

of insurance under which First Advantage purports to sue in its Counter-Claims.

### FIFTEENTH DEFENSE

Zurich's claims are barred because the amount of the First Advantage's obligation to pay

has not been finally determined, which is a condition precedent to commencing an action against

AISLIC pursuant to the policy of insurance under which First Advantage purports to sue in its Counter-Claims.

### SIXTEENTH DEFENSE

Zurich's claims are barred, in whole or in part, because First Advantage has not complied with the co-insurance clause of the policy of insurance under which First Advantage purports to sue in its Counter-Claims.

### SEVENTEENTH DEFENSE

Zurich's claims may be precluded by Exclusion (a) of the AISLIC Policy, which states that the AISLIC Policy does not cover any claim "arising out of or resulting directly or indirectly, from any dishonest, fraudulent, criminal or malicious act, error or omission, or any intentional or knowing violation of the law, or gaining of any profit or advantage to which an **insured** is not legally entitled; however **we** will defend suits alleging any of the foregoing conduct until there is a judgment against, final adjudication against, adverse finding of fact against, adverse admission, at which time you shall reimburse **us** for **claim expenses**; provided however, **we** will not defend such **suits** if they allege any of the foregoing conduct, which has been the subject of a criminal proceeding in which an **insured** has been found guilty, or pleaded *nolo contendere* or no contest."

### EIGHTEENTH DEFENSE

Zurich's claims are barred, in whole or in party, by Clause 14 of the AISLIC Policy regarding Other Insurance, which provides "[e]xcept as otherwise stated to the contrary elsewhere in the policy, such insurance as is provided by this policy shall apply only as excess over any other valid and collectible insurance available to any **insured** unless such other

insurance is written only as specific excess insurance over the **policy limit of liability** provided by this policy."

### NINETEENTH DEFENSE

Zurich's claims are precluded by Exclusion (o) to the AISLIC Policy, which states that the AISLIC Policy does not cover any claim "made against an insured alleging, arising out of or resulting, directly or indirectly, from (1) any **wrongful act** or (2) **liability from others** based upon, relating to or in connection with any act, error or omission, occurring, committed or omitted prior to the applicable **retroactive date**." Pursuant to Item 4 of the Declarations, the applicable retroactive date for the AISLIC Policy is April 30, 2003. Pursuant to Endorsement #17 to the AISLIC Policy, the term "wrongful act" is defined as "any actual or alleged: (1) **personal injury peril**; or (2) negligent act, error, omission, breach of duty, misstatement or misleading statement; committed or omitted on or after the **retroactive date** in the performance of **your professional services**." Further, Clause 5, Limit of Liability, part (a)(3) provides that "**Loss** arising out of the same **wrongful acts**, or a series of continuous, repeated or related **wrongful acts** shall be deemed to arise from the first such **wrongful act**."

### TWENTIETH DEFENSE

Zurich's claims are barred, in whole or in party, because all or part of the damages First Advantage seeks coverage for pursuant to the AISLIC Policy are expressly excluded from the Loss covered by the AISLIC Policy.

### TWENTY-FIRST DEFENSE

AISLIC may have additional defenses that cannot now be articulated due to the generality of Zurich's pleadings and because discovery is incomplete. Accordingly, AISLIC expressly reserves the right to supplement the foregoing and plead any and all additional

- 8 -

defenses available under the law of any jurisdiction whose law may be determined to be applicable to this action.

## CROSS-CLAIM AGAINST ZURICH AMERICAN INSURANCE COMPANY

Counter-Claim Defendant American International Specialty Lines Insurance Company n/k/a Chartis Specialty Insurance Company ("AISLIC"), by way of a cross-claim pursuant to Rule 13(g) of the Federal Rule of Civil Procedure against Zurich American Insurance Company ("Zurich"), alleges:

1.      AISLIC is an Illinois corporation with its principal place of business in New York, New York.

2.      Upon information and belief, Zurich is a New York corporation with its principal place of business in Schaumburg, Illinois.

3.      AISLIC issued a policy of insurance to First American Corporation, policy no. 491-54-38 (the "AISLIC Policy"), with a policy period from April 30, 2005 to April 30, 2006.

4.      Upon information and belief, Zurich issued the following Commercial General Liability policies of insurance to First American Corporation, Policies Nos. GLO 6821459-07, GLO 6821459-08, GLO 6821459-09, and GLO 6821459-10 (collectively the "Zurich Policies"). Upon information and belief, collectively, the Zurich Policies have policy periods covering the period from April 19, 2002 through April 19, 2006.

5.      Defendant/Counter-Claim Plaintiff, First Advantage Litigation Consulting, LLC ("First Advantage") has made claims for coverage under both the AISLIC Policy and the Zurich Policies in connection with the action captioned *NuWave Investment Corp., et al. v. Hyman Beck & Co., et al.*, Docket No. MRS-L-411-06, which was brought in the Superior Court of New Jersey, Morris County (the "Underlying Lawsuit").

6.     AISLIC brings this cross-claim (the "AISLIC Cross-Claim") for declaratory relief as to the rights and obligations of AISLIC and Zurich under the AISLIC and Zurich Policies.

### FIRST CAUSE OF ACTION
#### (Declaratory Judgment)

7.     Through its Counter-Claim in this action, First Advantage seeks a judgment declaring the rights and obligations of the parties under several policies of insurance issued by the Counter-Claim Defendants, including the AISLIC Policy.

8.     Zurich, through its Cross-Claim, seeks a judgment against AISLIC (i) for reimbursement from AISLIC of costs that Zurich incurred in defending First Advantage in the Underlying Action; (ii) that to the extent Zurich is found liable to Defendant/Counter-Claim Plaintiff First Advantage, AISLIC is required to contribute with respect to payment of the judgment against First Advantage in the Underlying litigation; and (iii) declaring the rights and responsibilities of the Counter-Claim Defendants under their respective insurance policies with respect to the claims asserted against First Advantage in the Underlying Action.

9.     AISLIC has denied any and all liabilities for the claims set forth in First Advantage's Counter-Claim, Tudor Insurance Company's Cross-Claim, and in Zurich's Cross-Claim.

10.     Upon information and belief, pursuant to the Zurich Policies, Zurich's obligation to provide a defense and/or indemnity to First Advantage for the Underlying Action is primary and non-contributory.

11.     The AISLIC Policy contains terms and conditions that provide, among other things, that any coverage available under the AISLIC Policy shall constitute excess insurance over and above any other insurance available to the insured.

12.    This Court should declare that Zurich, and not AISLIC, owes the primary defense and indemnity to First Advantage for the Underlying Action and that AISLIC is entitled to reimbursement from Zurich of costs that AISLIC incurred in defending First Advantage in the Underlying Action.

WHEREFORE, AISLIC respectfully requests:

    (a) That with regard to Zurich's Cross-Claim, this Court enter Judgment in its favor and against Zurich;

    (b) That with regard to AISLIC's Cross-Claim against Zurich, this Court declare that Zurich, and not AISLIC, owes the primary defense and indemnity to First Advantage for the Underlying Action and that AISLIC is entitled to reimbursement from Zurich of costs that AISLIC incurred in defending First Advantage in the Underlying Action;

    (c) That this Court dismiss all claims against AISLIC with prejudice;

    (d) That this Court award AISLIC's costs and attorneys' fees; and

    (e) That this Court grant such further relief as the Court deems proper.

Dated:   New York, New York
         August 19, 2011

ALSTON & BIRD LLP

By: _____
    Todd R. David
    Alexander S. Lorenzo
    90 Park Avenue
    New York, New York  10016
    (212) 210-9400

    *Attorneys for American International
    Specialty Lines Insurance Company n/k/a
    Chartis Specialty Insurance Company*