UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| TUDOR INSURANCE COMPANY,<br><br>      Plaintiff,<br> v.<br><br>FIRST ADVANTAGE LITIGATION CONSULTING, LLC,<br><br>      Defendants. | Civil Action No.: 11 cv 3567 (LAK)<br>ECF Case |

FIRST ADVANTAGE LITIGATION CONSULTING, LLC,

      Counter-Claimant
      And Cross-Complainant

 vs.

AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, TUDOR INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY,

      Counter-Claim Defendants.

---

**PLAINTIFF TUDOR INSURANCE COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS CROSS-MOTION TO ENJOIN DEFENDANT FIRST ADVANTAGE LITIGATION CONSULTING FROM PROSECUTING AN IDENTICAL ACTION IN THE DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| **On the Brief:**<br>Margaret F. Catalano, Esq. *(Pro Hac Vice)*<br>Thomas A. Jambor, Esq. *(Pro Hac Vice)* | **CARROLL McNULTY & KULL LLC**<br>570 Lexington Avenue, 8th Floor<br>New York, NY 10022<br>(646) 625-4000<br>Attorneys for Plaintiff Tudor Insurance Company |

**TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS………………………………………………………………..…..i

TABLE OF AUTHORITIES…………………………………………………………….....ii

PRELIMINARY STATEMENT…………………………………………………………........1

LEGAL ARGUMENT……………………………………………………………..….1

    A.    FIRST ADVANTAGE OFFERS NO REASON WHY THIS COURT SHOULD NOT ENJOIN IT FROM PROSECUTING THE NEW JERSEY ACTION AND ITSELF HAS ADMITTED THAT ITS CLAIMS ARE COMPULSORY COUNTERCLAIMS…………………………………………………………...1

    B.    THE FIRST-FILED RULE APPLIES BECAUSE FIRST ADVANTAGE FAILS TO SHOW ANY "MANIPULATIVE OR DECEPTIVE" CONDUCT……………………………………………………………………..4

CONCLUSION……………………………………………………………………………6

**TABLE OF AUTHORITIES**

**Cases** **Page**

Capitol Records, Inc. v. Optical Recording Corp.,
   810 F. Supp. 1350 (S.D.N.Y. 1992) ............................................................................. 5

Computer Associates Int'l, Inc. v. Altai, Inc.,
   893 F.2d 26 (2d Cir. 1990) .............................................................................. 1, 2, 4

Don King Productions, Inc. v. Douglas,
   735 F. Supp. 522 (S.D.N.Y. 1990) ............................................................................. 5

Ernst Haas Studio, Inc. v. Palm Press, Inc.,
   164 F.3d 110 (2d Cir. 1999) ...................................................................................... 4

Fuji Photo Film Co., Ltd. v. Deep Creek Design, Inc.,
   98 CIV. 2776 (JSM), 1998 WL 872416 (S.D.N.Y. Dec. 15, 1998) ........................... 5

Generali-U.S. Branch v. Rothschild,
   295 A.D.2d 236, 744 N.Y.S.2d 159 (N.Y. App. Div. 2002) ..................................... 6

Harris v. Steinem,
   571 F.2d 119 (2d Cir.1978) ....................................................................................... 3

Nat'l Equip. Rental, Ltd. v. Fowler,
   287 F.2d 43 (2d Cir. 1961) ........................................................................................ 3

Permasteelisa N. Am. Corp. v. Liberty Mut. Fire Ins. Co.,
   08 CIV. 4863 (LAK), 2008 WL 2796743 (S.D.N.Y. July 15, 2008) ........................ 2

Revise Clothing, Inc. v. Levi Strauss & Co.,
   10 CIV 5843 DAB, 2010 WL 4964099 (S.D.N.Y. Dec. 6, 2010) ............................. 5

Riviera Trading Corp. v. Oakley, Inc.,
   944 F. Supp. 1150 (S.D.N.Y. 1996) ........................................................................... 5

S & S Candies, Inc. v. Hershey Foods Corp.,
   00 CIV., 5243 (DLC), 2000 WL 1425092 (S.D.N.Y. Sept. 26, 2000) ...................... 5

Scarola Ellis LLP v. Skyworks Venutres, Inc.,
   09 CIV. 10003 DLC, 2010 WL 3452381 (S.D.N.Y. Sept. 1, 2010) .......................... 4

Scherer v. Equitable Life Assurance Soc'y of U.S.,
   01 CIV. 10193(CSH), 2004 WL 2101932 (S.D.N.Y. Sept. 21, 2004) ...................... 4

**Rules**

Fed. R. Civ. P. 13(a) ................................................................................................................. 1, 2, 3

Fed. R. Civ. P. 19(a) ...................................................................................................................... 1, 2

I. **PRELIMINARY STATEMENT**

Plaintiff Tudor Insurance Company ("Tudor") submits this reply memorandum in further support of its Cross-Motion to enjoin Defendant First Advantage Litigation Consulting, LLC ("First Advantage") from prosecuting the action it filed in the United States District Court for the District of New Jersey three months after Tudor filed suit in the instant matter. First Advantage opposes the motion to enjoin primarily for the reasons set forth in its motion to dismiss, stay or transfer and contends further that the motion to enjoin should be rejected because Tudor has not shown that the claims made by First Advantage are compulsory counterclaims sufficient to justify an injunction. (Def.'s Opp. Br. 1-2). As discussed further herein, First Advantage's position in this regard is utterly nonsensical as it pled such counterclaims in this first-filed action as compulsory pursuant to Fed. R. Civ. P. 13(a) and Fed. R. Civ. P. 19(a).

II. **LEGAL ARGUMENT**

A. **FIRST ADVANTAGE OFFERS NO REASON WHY THIS COURT SHOULD NOT ENJOIN IT FROM PROSECUTING THE NEW JERSEY ACTION AND ITSELF HAS ADMITTED THAT ITS CLAIMS ARE COMPULSORY COUNTERCLAIMS**

First Advantage's only argument in opposition to Tudor's motion to enjoin First Advantage from prosecuting its duplicative, second-filed action in New Jersey, is that Tudor has not shown that "First Advantage's claims in the New Jersey Action . . . 'should have been interposed as compulsory counterclaims to the claims in the suit pending before'" this Court. (Def.'s Reply Br. 1-2) (quoting Computer Associates Int'l, Inc. v. Altai, Inc., 893 F.2d 26, 28-29 (2d Cir. 1990) (denying a motion to enjoin where the claims in the second-filed action were not compulsory counterclaims that should have been filed in the first action pursuant to Fed. R. Civ.

1

P. 13(a)).  This argument is illogical because First Advantage itself interposed its claims in this action as compulsory counterclaims under Fed. R. Civ. P. 13(a) as against Tudor and under Fed. R. Civ. P. 19(a) as against American International Specialty Lines Insurance Company ("AISLIC"), Federal Insurance Company ("Federal") and Zurich American Insurance Company ("Zurich").  (Countercl. ¶1).

Furthermore, the facts at issue in Altai are distinguishable because there, the plaintiff in the second filed action never asserted the claims in the first filed action, and the court ultimately determined that the claims made in the second filed action were *not* compulsory counterclaims that should have been asserted in the first filed action.  Altai, 893 F.2d at 29.  Here, in stark contrast, First Advantage asserted, in this first-filed action, the same exact claims as compulsory counterclaims pursuant to Fed. R. Civ. P. 13(a) and 19(a) that it later asserted in the New Jersey action. (Countercl. ¶1)  Furthermore, through its Answer, First Advantage contends that AISLIC, Federal and Zurich are "required" parties pursuant to Fed. R. Civ. P. 19(a), and that "Tudor has failed to join parties in whose absence the court cannot accord complete relief among existing parties."  (Answer ¶ 58).  First Advantage further alleged that because AISLIC, Federal and Zurich "claim an interest relating to the subject of this action . . . that disposing of this action in their absence may, as a practical matter impair or impede their respective ability to protect that interest and also may leave . . . First Advantage . . . and Tudor . . . subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." (Answer ¶ 58). See Permasteelisa N. Am. Corp. v. Liberty Mut. Fire Ins. Co., 08 CIV. 4863 (LAK), 2008 WL 2796743 (S.D.N.Y. July 15, 2008) (finding that "absent carriers are parties who should be joined if their joinder is feasible" under Fed. R. Civ. P. 19(a)).   Therefore, there is little left for Tudor

2

to prove in this regard as even First Advantage concedes that AISLIC, Federal and Zurich are necessary parties.

Moreover, it is clear that First Advantage properly filed its counterclaims against Tudor, Zurich, Federal and AISLIC as compulsory pursuant to Fed. R. Civ. P. 13(a) (requiring that a "pleading shall state as a counterclaim any claim ... if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."). The test for determining what constitutes the same "transaction or occurrence" is flexible and "attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Harris v. Steinem, 571 F.2d 119, 123 (2d Cir.1978). All the claims asserted by First Advantage in the second-filed New Jersey action are identical to those asserted in this action, which seeks a determination as to whether First Advantage is entitled to coverage for an underlying action under the insurance policies issued by Tudor, Zurich, Federal and AISLIC. Indeed, each co-defendant insurer has also asserted compulsory cross-claims against each other seeking a determination as to their respective obligations to First Advantage, for contribution and/or indemnity.

Despite First Advantage's own characterization of its counterclaim as compulsory, it is not essential that the claims alleged in the New Jersey action even be compulsory to those in the first filed action in order for this court to enjoin that action. Nat'l Equip. Rental, Ltd. v. Fowler, 287 F.2d 43, 45-46 (2d Cir. 1961) (affirming the injunction of the second-filed action that "was already before the New York court in the form of a defense counterclaim."). Therefore, because the complaint filed by First Advantage in New Jersey is essentially a "carbon copy" of the counterclaims it filed in this Court, it could not be clearer that "the essential facts of the various

claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Altai 893 F.2d at 29.

B. **THE FIRST-FILED RULE APPLIES BECAUSE FIRST ADVANTAGE FAILS TO SHOW ANY "MANIPULATIVE OR DECEPTIVE" CONDUCT**

Finally, First Advantage's opposition to Tudor's motion to enjoin relies on the arguments made in connection with its motion to stay, dismiss or transfer. Accordingly, we address arguments that were impermissibly raised for the first time by First Advantage in its reply brief that the first-filed rule is inapplicable because Tudor engaged in "manipulative and deceptive conduct." (Def.s' Reply Br. at 5-6). In its reply brief, First Advantage baldly asserts, for the first time, that Tudor "took advantage of First Advantage's willingness to forbear a lawsuit . . . and used the time period when the parties were discussing the issue of coverage to prepare a lawsuit against First Advantage." (Def.'s Reply Br. at 6).

As a threshold matter, First Advantage is procedurally barred from raising this argument. New arguments may not be made in reply briefs, Ernst Haas Studio, Inc. v. Palm Press, Inc., 164 F.3d 110, 112 (2d Cir. 1999), and it "is improper practice." Scherer v. Equitable Life Assurance Soc'y of U.S., 01 CIV. 10193 (CSH), 2004 WL 2101932 at *5, n1 (S.D.N.Y. Sept. 21, 2004). As such, this Court should not consider First Advantage's new argument.

Even if this Court were to consider the merits of First Advantage's new argument, its assertions in this regard are patently absurd. First Advantage states that it would have "institut[ed] its own action" but for Tudor's assertion that it was still reviewing the claim. (Def.'s Opp. Br. at 6). First Advantage provides absolutely no evidence to support its self-serving statement that it chose to "forbear a lawsuit." The cases cited by First Advantage in which courts have departed from the first-filed rule require some additional facts that are not present in this matter, including settlement negotiations or a threat to file a lawsuit. See Scarola

4

Ellis LLP v. Skyworks Ventures, Inc., 09 CIV. 10003 DLC, 2010 WL 3452381 (S.D.N.Y. Sept. 1, 2010) (where first-filed plaintiff filed suit after being put on notice of an "imminent" lawsuit and further engaged in bad faith by not timely serving the complaint on the second-filed plaintiff); Riviera Trading Corp. v. Oakley, Inc., 944 F. Supp. 1150, 1158 (S.D.N.Y. 1996) (where first-filed plaintiff filed suit after being told it violated second-filed party's patent rights but second-filed party offered to engage in settlement discussions); Revise Clothing, Inc. v. Levi Strauss & Co., 10 CIV 5843 DAB, 2010 WL 4964099 (S.D.N.Y. Dec. 6, 2010) (where attorney for the first-filed plaintiff told defendant that he desired to "resolve t[he] matter" three days prior to filing suit and where defendant filed second action only one day after first action was filed); S & S Candies, Inc. v. Hershey Foods Corp., 00 CIV. 5243 (DLC), 2000 WL 1425092 (S.D.N.Y. Sept. 26, 2000) (first-filed plaintiff filed its lawsuit on the date that it was to respond to defendant's cease and desist letter without informing defendant that it had ceased settlement negotiations); Fuji Photo Film Co., Ltd. v. Deep Creek Design, Inc., 98 CIV. 2776 (JSM), 1998 WL 872416 (S.D.N.Y. Dec. 15, 1998) (where second-filed party had prepared a complaint and was ready to file and told first-filed party that it would defer filing suit pending settlement discussions); Capitol Records, Inc. v. Optical Recording Corp., 810 F. Supp. 1350, 1354 (S.D.N.Y. 1992) (where first-filed party preempted settlement negotiations by filing suit after second-filed party "proposed further discussions to negotiate a settlement and avoid litigation."); Don King Productions, Inc. v. Douglas, 735 F. Supp. 522, 532 (S.D.N.Y. 1990) (first-filed plaintiff was told of an impending lawsuit and requested that second-filed party consider resolving the matter outside of court, but first-filed plaintiff filed suit the next day).

    None of those circumstances are present here as there were no settlement negotiations between the parties, nor did First Advantage *ever* make *any* representations that it would file suit

against Tudor. (O'Malley Decl. at ¶ 5)[1]. Indeed, despite the bold accusations that Tudor has conducted itself in a manipulative and deceptive manner, glaringly absent from First Advantage's brief are any facts, whatsoever, to support such brazen accusations. Instead, First Advantage asks this Court to make the illogical presumption that it restrained itself from filing suit based on representations from Tudor that it was reviewing the claim. Such conduct is simply not "manipulative or deceptive." Furthermore, it is not manipulative or deceptive for an insurer to file a declaratory judgment action at the same time, or even prior to, making its decision to disclaim known to its insured. Generali-U.S. Branch v. Rothschild, 295 A.D.2d 236, 237, 744 N.Y.S.2d 159, 161 (N.Y. App. Div. 2002) ("Commencement of a declaratory judgment action constitutes sufficient notice of disclaimer . . . ."). Given the lack of any evidentiary support that Tudor induced First Advantage to refrain from filing suit, or that First Advantage threatened litigation or that the parties were in any sort of settlement discussions at the time Tudor filed suit, this Court should reject First Advantage's specious argument, first raised in its reply brief, that the first-filed rule does not apply.

### III.   CONCLUSION

Based on the foregoing discussion, Tudor respectfully requests that this Court enjoin First Advantage from prosecuting the second-filed identical action in the United States District Court for the District of New Jersey.

---

[1] "O'Malley Decl." refers to the declaration filed by Tudor in support of its opposition to First Advantage's motion to dismiss, stay or transfer this action.

                                        Respectfully submitted,

                                        CARROLL McNULTY & KULL LLC

                                        s/ Margaret F. Catalano
                                        Margaret F. Catalano (*admitted pro hac vice*)
                                        Thomas A. Jambor (*admitted pro hac vice*)
                                        570 Lexington Avenue, 8th Floor
                                        New York, NY 10022
                                        (646) 625-4000
                                        mcatalano@cmk.com
                                        tjambor@cmk.com
                                        Attorneys for Plaintiff Tudor Insurance Company

Dated: August 24, 2011