UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TUDOR INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST ADVANTAGE LITIGATION CONSULTING, LLC,<br><br>Defendant.<br><br>FIRST ADVANTAGE LITIGATION CONSULTING, LLC,<br><br>Counter-Claimant and Cross-Complainant<br><br>vs.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, TUDOR INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY,<br><br>Counter-Claim Defendants. | Civil Action No.:  11 cv 3567 (LAK)<br><br>ECF Case<br><br>PLAINTIFF/COUNTER-CLAIM DEFENDANT TUDOR INSURANCE COMPANY'S ANSWER TO THE CROSS-CLAIM OF COUNTER-CLAIM DEFENDANT FEDERAL INSURANCE COMPANY |

Plaintiff/Counter-Claim Defendant, Tudor Insurance Company, ("Tudor"), by and through its attorneys, Carroll McNulty & Kull LLC, answering the Cross-Claim of the Counter-Claim Defendant, Federal Insurance Company ("Federal"), states as follows:

## TUDOR'S ANSWER TO FEDERAL'S CROSS-CLAIM FOR A DECLARATORY JUDGMENT AGAINST TUDOR AND COUNTERCLAIM DEFENDANTS ONLY

1. Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of the Cross-Claim.

2. Tudor denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of the Cross-Claim.

3. Tudor denies the allegations of this Paragraph directed at Tudor and further denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 101 of the Cross-Claim.

In response to Federal's request for relief as to this Cause of Action, Tudor denies that Federal is entitled to the relief requested.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

4. As its Affirmative Defenses to Federal's Cross-Claim, Tudor incorporates by reference all the Affirmative Defenses Tudor has alleged in its Answer to the Counter-Claim of Defendant First Advantage.

### SECOND AFFIRMATIVE DEFENSE

5. The claims asserted by Federal in the Cross-Claim fail to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

6. The Cross-Claim is not described with sufficient particularity to permit Tudor to ascertain what other defenses (including defenses based on terms, conditions or exclusions of the

Policy) may exist. Plaintiff therefore reserves the right to assert all defenses that may pertain to Plaintiff once the precise nature of the allegations in the Cross-Claim are determined.

### FOURTH AFFIRMATIVE DEFENSE

7. Tudor reserves and asserts all affirmative defenses available under any applicable federal and state law, and reserves the right to supplement or amend these affirmative defenses or raise any other affirmative defenses as this matter proceeds.

### FIFTH AFFIRMATIVE DEFENSE

8. The allegations made against Tudor in the Cross-Claim are barred by the doctrine of waiver and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

9. The allegations made against Tudor in the Cross-Claim are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

10. The allegations made against Tudor in the Cross-Claim are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

11. Federal's claims fail insofar as First Advantage has no standing to sue Tudor for the claims alleged in the Counterclaim.

### NINTH AFFIRMATIVE DEFENSE

12. The allegations made against Tudor in the Cross-Claim are barred, in whole or in part, by application of the Other Insurance provisions of the policies at issue herein.

## TENTH AFFIRMATIVE DEFENSE

13. The rights and obligations of First Advantage are defined and controlled by the limits of liability, terms, exclusions, conditions and other provisions of the Policies placed at issue herein. The terms, exclusions, conditions and other provisions of the Policies are too voluminous to itemize as affirmative defenses, and are therefore incorporated by reference herein.

## ELEVENTH AFFIRMATIVE DEFENSE

14. Tudor hereby incorporates by reference each defense asserted by any co-counterclaim defendant in this action not stated herein.

## TWELFTH AFFIRMATIVE DEFENSE

15. Federal's claims fail as there is no coverage for First Advantage under the Tudor Policies for its voluntary payments, assumed liability or incurred any expense without Tudor's consent.

## THIRTEENTH AFFIRMATIVE DEFENSE

21. Federal's claims are barred, or limited, insofar as there is no coverage under the Tudor policies for any costs incurred by First Advantage or Federal before First Advantage's tender of the Underlying Action to Tudor. Tudor has no duty to reimburse such pretender defense or indemnity costs.

WHEREFORE, Tudor respectfully prays for judgment as follows:

A. For a declaration that Tudor has no duty to defend First Advantage in the Underlying Action;

B. For dismissal, with prejudice of the Cross-Claim of Federal;

C.  For judgment to be entered against Federal and in favor of Tudor denying the relief sought by Federal in the Cross-Claim; and

D.  For such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Tudor demands a trial by jury on all issues so triable.

CARROLL McNULTY & KULL LLC

BY:  s/ Margaret F. Catalano
Margaret F. Catalano Esq. (admitted Pro Hac)
Ann Odelson, Esq. (AO9681)
Carroll, McNulty & Kull, LLC
570 Lexington Avenue, 8th Floor
New York, New York 10022
(646) 625-4000 (telephone)
(646) 625-4044 (fax)
E-mail: mcatalano@cmk.com
        aodelson@cmk.com
Attorneys for Plaintiff/Counter-Claim
Defendant Tudor Insurance Company

Dated:  September 6, 2011
        New York, New York