UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
TUDOR INSURANCE COMPANY,                                     :
                                                             :
                Plaintiff,                                  :
                                                             :   Case No. 11-CV-3567 (LAK)
         vs.                                                :   (Electronically Filed)
                                                             :
FIRST ADVANTAGE LITIGATION                                   :
CONSULTING, LLC,                                             :
                                                             :
                Defendant.                                  :
                                                             :
-------------------------------------------------------------X
                                                             :
FIRST ADVANTAGE LITIGATION                                   :
CONSULTING, LLC,                                             :
                                                             :
                Counter-Claimant and                        :
                Cross-Complainant,                          :
                                                             :
         vs.                                                :
                                                             :
AMERICAN INTERNATIONAL SPECIALTY                             :
LINES INSURANCE COMPANY, *et al.*,                           :
                                                             :
                Counter-Claim Defendants.                   :
                                                             :
-------------------------------------------------------------X

**CROSS-CLAIM DEFENDANT AMERICAN INTERNATIONAL SPECIALTY
LINES INSURANCE COMPANY'S ANSWER AND DEFENSES TO CROSS-
CLAIMANT FEDERAL INSURANCE COMPANY'S CROSS-CLAIM
<u>AND CROSS-CLAIM AGAINST FEDERAL INSURANCE COMPANY</u>**

Cross-Claim Defendant American International Specialty Lines Insurance Company n/k/a Chartis Specialty Insurance Company ("AISLIC") hereby answers Cross-Claimant Federal Insurance Company's ("Federal") Cross-Claim (the "Cross-Claim") as follows:

## FIRST DEFENSE

The Cross-Claim fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

AISLIC responds to the enumerated paragraphs of the Cross-Claim as follows:

### AS AND FOR ITS CROSS-CLAIM FOR A DECLARATORY JUDGMENT AGAINST TUDOR AND THE COUNTERCLAIM DEFENDANTS ONLY

99. AISLIC lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 99, and, therefore, AISLIC denies the allegations.

100. The allegations in Paragraph 100 consist of statements regarding Federal's position with regard to Counter-Claimant First Advantage Litigation Consulting, LLC's ("First Advantage") Counter-Claims against Federal which require no response. To the extent a response is required, AISLIC denies the allegations in Paragraph 100.

101. Denied.

## PRAYER FOR RELIEF

AISLIC joins in Federal's request that this Court dismiss First Advantage's Counter-Claims. AISLIC denies each and every of the remainder of the allegations, assertions, and requests for judgment in Federal's Prayer for Relief.

## DEFENSES

## THIRD DEFENSE

AISLIC denies any allegations not specifically admitted above.

## FOURTH DEFENSE

Federal's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, laches and/or estoppel.

## FIFTH DEFENSE

AISLIC hereby incorporates all of the provisions, definitions, exclusions and conditions contained within the policy of insurance AISLIC issued to First American Corporation, policy no. 491-54-38 (the "AISLIC Policy"), with a policy period from April 30, 2005 to April 30, 2006, the policy of insurance under which First Advantage purports to sue in its Counter-Claims. Applying these provisions, any recovery is barred or should be reduced accordingly.

## SIXTH DEFENSE

Federal's claims are barred, in whole or in part, to the extent there is valid and collectible insurance available to cover the claims made against First Advantage other than the policy of insurance under which First Advantage purports to sue in its Counter-Claims.

## SEVENTH DEFENSE

Federal's claims are barred, in whole or in part, to the extent that First Advantage or its affiliates and/or subsidiaries do not qualify as insureds or named insureds under the policy of insurance under which First Advantage purports to sue in its Counter-Claims.

## EIGHTH DEFENSE

Federal's claims are barred, in whole or in part, to the extent that the conditions precedent and subsequent to the existence of insurance coverage under the policy of insurance under which

First Advantage purports to sue in its Counter-Claims have not been satisfied, including, but not limited to, the extent of any requirement that prompt written notice be provided to AISLIC concerning the claims and/or detailed notice as soon as practicable concerning any occurrence that form the basis of the claims at issue.

### NINTH DEFENSE

Federal's claims are barred to the extent that potential exposure to damages or to defense or settlement costs has not been minimized or mitigated, or otherwise has prejudiced AISLIC.

### TENTH DEFENSE

Federal's claims are barred, in whole or in part, to the extent that any applicable public policy or express provision of law precludes or restricts coverage under the policy of insurance under which First Advantage purports to sue in its Counter-Claims.

### ELEVENTH DEFENSE

Federal's claims are barred, in whole or in part, because they are not ripe for adjudication.

### TWELFTH DEFENSE

Federal's claims are barred, in whole or in part, because there is no case or controversy.

### THIRTEENTH DEFENSE

Federal's claims are barred because the Court does not have jurisdiction.

### FOURTEENTH DEFENSE

Federal's claims are barred because the total amount of the applicable defense or indemnity costs have not exceeded the amount required to trigger liability pursuant to the policy of insurance under which First Advantage purports to sue in its Counter-Claims.

### FIFTEENTH DEFENSE

Federal's claims are barred because the amount of the First Advantage's obligation to pay has not been finally determined, which is a condition precedent to commencing an action against AISLIC pursuant to the policy of insurance under which First Advantage purports to sue in its Counter-Claims.

### SIXTEENTH DEFENSE

Federal's claims are barred, in whole or in part, because First Advantage has not complied with the co-insurance clause of the policy of insurance under which First Advantage purports to sue in its Counter-Claims.

### SEVENTEENTH DEFENSE

Federal's claims may be precluded by Exclusion (a) of the AISLIC Policy, which states that the AISLIC Policy does not cover any claim "arising out of or resulting directly or indirectly, from any dishonest, fraudulent, criminal or malicious act, error or omission, or any intentional or knowing violation of the law, or gaining of any profit or advantage to which an **insured** is not legally entitled; however **we** will defend suits alleging any of the foregoing conduct until there is a judgment against, final adjudication against, adverse finding of fact against, adverse admission, at which time you shall reimburse **us** for **claim expenses**; provided however, **we** will not defend such **suits** if they allege any of the foregoing conduct, which has been the subject of a criminal proceeding in which an **insured** has been found guilty, or pleaded *nolo contendere* or no contest."

### EIGHTEENTH DEFENSE

Federal's claims are barred, in whole or in part, by Clause 14 of the AISLIC Policy regarding Other Insurance, which provides "[e]xcept as otherwise stated to the contrary

elsewhere in the policy, such insurance as is provided by this policy shall apply only as excess over any other valid and collectible insurance available to any **insured** unless such other insurance is written only as specific excess insurance over the **policy limit of liability** provided by this policy."

## NINETEENTH DEFENSE

Federal's claims are precluded by Exclusion (o) to the AISLIC Policy, which states that the AISLIC Policy does not cover any claim "made against an insured alleging, arising out of or resulting, directly or indirectly, from (1) any **wrongful act** or (2) **liability from others** based upon, relating to or in connection with any act, error or omission, occurring, committed or omitted prior to the applicable **retroactive date**." Pursuant to Item 4 of the Declarations, the applicable retroactive date for the AISLIC Policy is April 30, 2003. Pursuant to Endorsement #17 to the AISLIC Policy, the term "wrongful act" is defined as "any actual or alleged: (1) **personal injury peril**; or (2) negligent act, error, omission, breach of duty, misstatement or misleading statement; committed or omitted on or after the **retroactive date** in the performance of **your professional services**." Further, Clause 5, Limit of Liability, part (a)(3) provides that "**Loss** arising out of the same **wrongful acts**, or a series of continuous, repeated or related **wrongful acts** shall be deemed to arise from the first such **wrongful act**."

## TWENTIETH DEFENSE

Federal's claims are barred, in whole or in part, because all or part of the damages First Advantage seeks coverage for pursuant to the AISLIC Policy are expressly excluded from the Loss covered by the AISLIC Policy.

## TWENTY-FIRST DEFENSE

AISLIC may have additional defenses that cannot now be articulated due to the generality of Federal's pleadings and because discovery is incomplete. Accordingly, AISLIC expressly reserves the right to supplement the foregoing and plead any and all additional defenses available under the law of any jurisdiction whose law may be determined to be applicable to this action.

## CROSS-CLAIM AGAINST FEDERAL INSURANCE COMPANY

Counter-Claim Defendant American International Specialty Lines Insurance Company n/k/a Chartis Specialty Insurance Company ("AISLIC"), by way of a cross-claim pursuant to Rule 13(g) of the Federal Rule of Civil Procedure against Federal Insurance Company ("Federal"), alleges:

1. AISLIC is an Illinois corporation with its principal place of business in New York, New York.

2. Upon information and belief, Federal is an Indiana corporation with its principal place of business in New Jersey.

3. AISLIC issued a policy of insurance to First American Corporation, policy no. 491-54-38 (the "AISLIC Policy"), with a policy period from April 30, 2005 to April 30, 2006.

4. Upon information and belief, Federal issued the following four policies of insurance to First American Corporation all bearing Policy No. 7981-29-65 (collectively the "Federal Policies"). Upon information and belief, collectively, the Federal Policies have policy periods covering the period from April 19, 2002 through April 19, 2006.

5. Defendant/Counter-Claim Plaintiff, First Advantage Litigation Consulting, LLC ("First Advantage") has made claims for coverage under both the AISLIC Policy and the Federal

Policies in connection with the action captioned *NuWave Investment Corp., et al. v. Hyman Beck & Co., et al.*, Docket No. MRS-L-411-06, which was brought in the Superior Court of New Jersey, Morris County (the "Underlying Action").

6. AISLIC brings this cross-claim (the "AISLIC Cross-Claim") for declaratory relief as to the rights and obligations of AISLIC and Federal under the AISLIC and Federal Policies.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

7. Through its Counter-Claim in this action, First Advantage seeks a judgment declaring the rights and obligations of the parties under several policies of insurance issued by the Counter-Claim Defendants, including the AISLIC Policy.

8. Federal, through its Cross-Claim, seeks a judgment against AISLIC (i) that Federal is not obligated to defend and indemnify First Advantage for the Underlying Action, and (ii) declaring the rights and responsibilities of the Counter-Claim Defendants under their respective insurance policies with respect to the claims asserted against First Advantage in the Underlying Action.

9. AISLIC has denied any and all liabilities for the claims set forth in First Advantage's Counter-Claim, Tudor Insurance Company's Cross-Claim, Zurich American Insurance Company's Cross-Claim, and Federal's Cross-Claim.

10. Upon information and belief, pursuant to the Federal Policies, AISLIC's Policy is excess to Federal's obligation to provide a defense and/or indemnity to First Advantage for the Underlying Action.

11. The AISLIC Policy contains terms and conditions that provide, among other things, that any coverage available under the AISLIC Policy shall constitute excess insurance over and above any other insurance available to the insured.

12. This Court should declare that Federal, and not AISLIC, owes defense and indemnity to First Advantage for the Underlying Action.

WHEREFORE, AISLIC respectfully requests:

(a) That with regard to Federal's Cross-Claim, this Court enter Judgment in its favor and against Federal;

(b) That with regard to AISLIC's Cross-Claim against Federal, this Court declare that Federal, and not AISLIC, owes defense and indemnity to First Advantage for the Underlying Action;

(c) That this Court dismiss all claims against AISLIC with prejudice;

(d) That this Court award AISLIC's costs and attorneys' fees; and

(e) That this Court grant such further relief as the Court deems proper.

Dated:   New York, New York
         September 6, 2011

ALSTON & BIRD LLP

By: /s/ 
Todd R. David
Alexander S. Lorenzo
90 Park Avenue
New York, New York  10016
(212) 210-9400

*Attorneys for American International Specialty Lines Insurance Company n/k/a Chartis Specialty Insurance Company*