UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kevin T. Coughlin, Esq.
COUGHLIN DUFFY LLP
88 Pine Street, 28th Floor
New York, New York 10005
(212) 483-0105
*Attorneys for Counterclaim Defendant,*
*Zurich American Insurance Company*

| | |
|---|---|
| TUDOR INSURANCE COMPANY,<br><br>  Plaintiff,<br>v.<br><br>FIRST ADVANTAGE LITIGATION CONSULTING, LLC,<br><br>  Defendant. | Civil Action No.: 1:11-cv-03567 (LAK)<br><br>Hon. Lewis A. Kaplan, U.S.D.J.<br><br>*Civil Action* |
| FIRST ADVANTAGE LITIGATION CONSULTING, LLC,<br><br>  Counterclaimant and Cross-Complainant,<br>v.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, TUDOR INSURANCE COMPANY, and ZURICH AMERICAN INSURANCE COMPANY,<br><br>  Counterclaim Defendants. | **ANSWER TO CROSS-CLAIM OF AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY ON BEHALF OF COUNTERCLAIM DEFENDANT, ZURICH AMERICAN INSURANCE COMPANY**<br><br>*Document Filed Electronically* |

Counterclaim Defendant, Zurich American Insurance Company ("ZAIC"), as and for its Answer to the Cross-Claim of Counterclaim Defendant, American International Specialty Lines Insurance Company ("AISLIC"), alleges and says as follows:

1

1. Upon information and belief, admitted.

2. Admitted.

3. Upon information and belief, admitted.

4. Admitted.

5. Upon information and belief, admitted.

6. Paragraph 6 does not set forth factual allegations and instead is a statement of the relief that AISLIC seeks, and therefore no answer is required.

## AS TO THE FIRST CAUSE OF ACTION

7. Admitted.

8. Admitted.

9. ZAIC admits that AISLIC has denied any and all liabilities for the claims set forth in First Advantage's Counterclaim, Tudor Insurance Company's Cross-Claim, and Zurich's Cross-Claim. However, ZAIC denies that AISLIC's position is correct.

10. The allegations in paragraph 10 set forth a legal conclusion, to which no response is required. To the extent a response may be deemed to be required, said allegations are denied.

11. ZAIC responds that the AISLIC Policy speaks for itself.

12. Paragraph 12 does not set forth factual allegations and instead is a statement of the relief that AISLIC seeks, and therefore no answer is required. To the extent a response may be deemed to be required, said allegations are denied.

## AFFIRMATIVE DEFENSES

ZAIC, as and for its Affirmative Defenses to AISLIC's Cross-Claim, incorporates by reference its Affirmative Defenses to First Advantage's Counterclaim.

**WHEREFORE**, ZAIC respectfully requests that the Court:

1. Dismiss AISLIC's Cross-Claim with prejudice;

2. Declare that ZAIC has no further duty to defend First Advantage in the Underlying Action;

3. Declare that ZAIC has no duty to indemnify First Advantage for any judgment, settlement, or damages with respect to the Underlying Action;

4. Enter judgment in favor of ZAIC for reimbursement from AISLIC of costs that ZAIC incurred in defending First Advantage in the Underlying Action;

5. To the extent that ZAIC is found to owe coverage under the any of the ZAIC Policies, which is denied, enter judgment in favor of ZAIC for contribution from AISLIC with respect to payment of the judgment against First Advantage; and

6. Award ZAIC its attorneys' fees and costs incurred in this action and such other relief as the Court deems just and proper.

By:   */s/ Kevin T. Coughlin*
Kevin T. Coughlin
COUGHLIN DUFFY LLP
88 Pine Street, 28th Floor
New York, New York 10005
(212) 483-0105
*Attorneys for Counterclaim Defendant,*
*Zurich American Insurance Company*

Dated:  September 8, 2011