```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/6/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TUDOR INSURANCE COMPANY,

                Plaintiff,

       -against-                                11 Civ. 3567 (LAK)

FIRST ADVANTAGE LITIGATION CONSULTING, LLC,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff Tudor Insurance Company ("Tudor") in this insurance coverage dispute seeks a declaration that it is not obliged to defend and/or indemnify defendant First Advantage Litigation Consulting, LLC ("FALC") under certain policies of insurance because FALC failed to provide timely notice of an underlying lawsuit that was brought in the New Jersey state courts. In June 2011, FALC anwered the complaint and counterclaimed against Tudor as well as a number of other insurance companies, which it named as additional defendants on the counterclaims. On July 20, 2011, having apparently reconsidered the desirability of this forum, FALC (1) commenced an action in the District of New Jersey against Tudor and the other insurers it already had named as counterclaim defendants here seeking, among other things, damages and declaratory relief with respect to the same controversy, and (2) moved in this Court to stay or dismiss this action in favor of the New Jersey federal action or to dismiss it in the Court's discretion as an inappropriate occasion for a declaratory judgment. Plaintiff cross-moves to enjoin defendant from prosecuting the New Jersey federal action.

        There is a great deal of talk on both sides about forum shopping, anticipatory declaratory judgment actions, "natural plaintiffs," and the relative convenience of the New York and New Jersey *fora*. In the last analysis, however, both sides are forum shopping in the hope of gaining a choice of law determination that each would view as more favorable to it than the opposite result. The declaratory judgment-coercive action debate is of limited force. The arguments about the relative convenience of the two *fora* – which are just a few miles and a 22-minute train ride apart on the PATH line, a journey shorter than most people in this area probably commute each way to work every day – are of no value. Accordingly, FALC's arguments are insufficient to persuade me to dismiss this case or send it across the Hudson. Among the factors that support that conclusion are FALC's election to counterclaim in this action against Tudor and the other insurers well before

it decided that it rather would be in New Jersey.

   The cross-motion to enjoin the New Jersey federal court action rests on the proposition that the claims FALC brought there should have been asserted as compulsory counterclaims here. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 893 F.2d 26, 28-29 (2d Cir. 1990). FALC's counterclaim essentially admits that its counterclaim against Tudor in this case is compulsory. Ans. [DI 9] at 9. It asserts that the claims against the other counterclaim defendants were asserted here – before they were asserted in New Jersey – because those carriers are necessary or indispensable parties in this action. *Id.* ¶ 58 & p. 9. In these circumstances, the motion is well founded.

   Accordingly, FALC's motion [DI 20] is denied on the merits. Tudor's cross-motion [DI 45] is granted. The FALC is enjoined from prosecuting the New Jersey federal action.

   SO ORDERED.

Dated:  October 6, 2011

_____
Lewis A. Kaplan
United States District Judge