```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 24 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TUDOR INSURANCE COMPANY,                          Case No.

                     Plaintiff,            11 CV 3567 (KBF) (KNF)

       -against-

FIRST ADVANTAGE LITIGATION
CONSULTING, LLC,
                    Defendant.
-----------------------------------------------------------------X
FIRST ADVANTAGE LITIGATION
CONSULTING, LLC,

                    Counter-Claimant and Cross-
                    Complainant,

       -against-

AMERICAN INTERNATIONAL SPECIALTY
LINES INSURANCE COMPANY, *et al.*,

                    Counter-Claim Defendants.
-----------------------------------------------------------------X
FIRST ADVANTAGE LITIGATION                        Case No.
CONSULTING, LLC,
                        11 CV 8923 (KBF) (KNF)

     Plaintiff,

       -against-

AMERICAN INTERNATIONAL SPECIALTY
LINES INSURANCE COMPANY, *et al.*,

                    Defendants.
-----------------------------------------------------------------X

### COMMON INTEREST AND
### <u>CONFIDENTIALITY ORDER</u>

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for the parties herein, and it is hereby ORDERED, that:

WHEREAS, Tudor Insurance Company ("Tudor") issued to Backtrack Reports, Inc. policy number PGL 702267, in effect from January 17, 2001 to January 17, 2002 and from January 17, 2002 to January 17, 2003; policy number PGL 714711, in effect from January 17, 2003 to January 17, 2004; and policy number PGL 722917, in effect from January 17, 2004 to September 10, 2004;

WHEREAS, American International Specialty Lines Insurance Company n/k/a Chartis Specialty Insurance Company ("AISLIC") issued a policy of insurance to First American Corporation, Policy Number 491-54-38, with a policy period from April 30, 2005 to April 30, 2006;

WHEREAS, Federal Insurance Company ("Federal") issued to First American Corporation Chubb Commercial Excess and Umbrella Insurance Policy number 7981-29-65, in effect from April 19, 2002 to April 19, 2003; policy number 7981-29-65, in effect from April 19, 2003 to April 19, 2004; policy number 7981-29-65, in effect from April 19, 2004 to April 19, 2005; and policy number 7981-29-65, in effect from April 19, 2005 to April 19, 2006;

WHEREAS, Zurich American Insurance Company ("Zurich") issued to First American Corporation policy number GLO 6821459-07, in effect from April 19, 2002 to April 19, 2003; policy number GLO 6821459-08, in effect from April 19, 2003 to April 19, 2004; policy number GLO 6821459-09, in effect from April 19, 2004 to April 19, 2005; and policy number GLO 6821459-10, in effect from April 19, 2005 to April 19, 2006;

WHEREAS, a lawsuit was filed in the Superior Court of New Jersey, Morris County, Docket No. MRS-L-411-06, captioned NuWave Investment Corp., Troy W. Buckner, John S. Ryan v. Hyman Beck & Company, Inc., Alexander Hyman, Richard A. DeFalco, First Advantage Core Facts, Inc. (f/k/a Backtrack Reports, Inc.), and John Doe Corporations 1-10 and John Does 1-10, ("Underlying Action");

WHEREAS, First Advantage Litigation Consulting, LLC ("First Advantage") has requested that AISLIC, Federal, Tudor, and Zurich (collectively, "Insurance Companies") acknowledge a duty to defend and to indemnify First Advantage in the Underlying Action pursuant to the terms of the policies referenced above (the "Policies");

WHEREAS, the Insurance Companies have acknowledged receipt of First Advantage's request, and have either (1) disclaimed any duty to defend or to indemnify First Advantage or (2) defended under a reservation of rights and disclaimed any duty to indemnify First Advantage;

WHEREAS, the above-captioned actions were instituted to resolve the disputes between First Advantage and the Insurance Companies regarding insurance coverage for the Underlying Action;

2

WHEREAS, all parties have served upon each other various demands for the production of documents and information;

WHEREAS, the documents and other information requested may contain: (1) information that is protected from disclosure by the attorney-client privilege or attorney work product doctrine, and other confidential and privileged information relating to First Advantage's defense of the Underlying Action; (2) information that is protected from disclosure by the attorney-client privilege or attorney work product doctrine, and other confidential and privileged information relating to these actions; and (3) information that is protected from disclosure by the protections afforded to trade secrets and confidential and proprietary commercial information;

WHEREAS, subject to the parties' respective coverage positions regarding the existence or nonexistence of the duties to defend or to indemnify, the parties share a common interest in the defense of the Underlying Action;

WHEREAS, this Order is not intended to alter the terms, conditions and/or exclusions of the Policies or any other policy, contract, and/or agreement existing between First Advantage and the Insurance Companies, but rather is expressly limited in scope to have the effect of maintaining the confidentiality of the information and materials disclosed by all parties; and

WHEREAS, the parties hereto agree that the production of any Confidential Material as defined hereunder shall not constitute a waiver of any privilege or protection as to any such Confidential Material produced or as to any other documents not produced hereunder.

THEREFORE, the parties agree as follows:

1.     For the purposes of this Common Interest and Confidentiality Order ("Order"), "Confidential Material" shall include:

A.     Common Interest Doctrine Materials:

a.     all documents and information produced to the Insurance Companies by First Advantage which is designated by First Advantage as "Common Interest Confidential" subject to this Order including, but not limited to, all attorney-client communications and attorney work product involving First Advantage and its defense counsel in the Underlying Action; and

b.     all documents and information provided by the Insurance Companies to any other party to these actions, including First Advantage, which is designated by the producing party as "Common Interest Confidential" subject to this Order including, but not limited to, all documents and information contained within and/or produced as part of the claims file of each of the Insurance

3

Companies with respect to the Underlying Action, and all attorney-client communications and attorney work product involving First Advantage and its defense counsel in the Underlying Action; and

B.   Trade Secrets/Proprietary Material

a.   all documents and information designated by any party to these actions to be "Trade Secret/Proprietary Confidential" or which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

Any party who produces or discloses any Confidential Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with: "COMMON INTEREST CONFIDENTIAL—SUBJECT TO CONFIDENTIALITY AGREEMENT OR CONFIDENTIALITY ORDER" or "TRADE SECRET / PROPRIETARY CONFIDENTIAL—SUBJECT TO CONFIDENTIALITY AGREEMENT OR CONFIDENTIALITY ORDER," as appropriate.

In light of the Common Interest Protections of this Order, First Advantage hereby expressly authorizes the insurance companies' disclosure of all attorney-client communications and attorney work product involving First Advantage and its defense counsel in the Underlying Action, including, but not limited to, all documents contained in the Insurance Companies' claim files.

Further, in accordance with the Protective Order in the Underlying Action, dated June 22, 2007, all parties to these actions are permitted to view documents designated both Confidential and Highly Confidential in the Underlying Action.

2.   Documents and Information designated as "Confidential" pursuant to this Order, and all information derived therefrom, shall not be used or disseminated, directly or indirectly, by any party or non-party for any business, commercial, or competitive purpose, or for any purpose whatsoever, other than for the handling of the matter and/or prosecution and/or defense of these actions in accordance with the provisions of this Order.

3.   Any party giving deposition testimony in these actions, whether through its officers, employees, directors, or otherwise, may bring its testimony under the protection of this Order. Within seven (7) days of receipt of the deposition transcript, any party that identifies testimony that should have been, but was not, marked as "Confidential Material," because it either consists of Common Interest Doctrine Materials or Trade Secrets/Proprietary Material, can make a request to all counsel that said portion of the deposition transcript be revised to mark that deposition testimony as "Confidential Material." The parties agree that any transcript so marked shall be filed with the Clerk of the Court under seal, if the Court so allows.

4.      Whenever any Confidential Material is introduced as an exhibit, or otherwise utilized in connection with deposition testimony given in these actions, counsel introducing such exhibit, or using such information in the examination of a witness, shall advise the reporter that the portions of the testimony which refer thereto and the exhibits themselves shall be designated as "Confidential Material" in the transcript. If the portion of the transcript so marked is filed with the Clerk of the Court, the same shall be filed under seal if the Court so allows.

5.      To the extent that any motions, briefs, pleadings, or other papers to be filed with the Court incorporate Confidential Material, the party filing such papers shall file the same with the Clerk under seal, if the Court so allows.

6.      Disclosure of Confidential Material may be made only to the Court, to appropriate Court personnel, and to the following individuals/entities:

(a)      The parties;

(b)      Authorized representatives for the parties and counsel of record for the respective parties to this litigation;

(c)      Clerks, paralegals, secretaries, or other employees of such counsel assigned to assist such counsel in the preparation of this litigation;

(d)      Persons or organizations retained or employed in conjunction with this case as advisors, consultants or expert witnesses; provided, however, that such advisors, consultants or expert witnesses must execute a copy of this Order prior to receiving any Confidential Material;

(e)      the Insurance Companies' reinsurers or retrocessionaires;

(f)      auditors, administrative agencies, regulators, and/or any other governmental agencies; or

(g)      anyone else to the extent necessary to comply with an order from any court, arbitration panel, or tribunal.

7.      ALL PERSONS DESIGNATED IN SUBPARAGRAPHS (A) THROUGH (D) IN THE PRECEDING PARAGRAPH OF THIS ORDER TO WHOM CONFIDENTIAL MATERIAL MAY BE DISCLOSED ARE HEREBY ENJOINED from using the Confidential Material for any reason other than the handling of this matter and/or prosecution and/or defense of these actions, and they are prohibited from disclosing any Confidential Material to any other person except as provided herein. No person designated in subparagraphs (a) through (d) in the preceding paragraph of this Order receiving Confidential Material shall disclose it to any person other than those described in the preceding paragraph and for the purpose specified, and in no event shall

such person make any other use of such Confidential Material.

8.     This Order shall not preclude presentation or disclosure of Confidential Material to a witness in preparation for or during a deposition or trial, provided that said witness is not given a copy of any such document to take from the place of said deposition or trial, and is provided with a copy of this Order and is advised of record that the provisions of this Order are applicable to such witness. Any such witness to whom any party discloses at deposition or trial such documents or information shall be bound by the provisions of this Order requiring non-disclosure of any such documents or information. The party examining such witness shall have fulfilled its obligations under this Order upon compliance with the notification procedures herein described.

9.     In addition to the foregoing, any party to this action shall have the right to designate any information, document, thing, interrogatory response, admission, pleading, testimony, or portion thereof that it produces as "ATTORNEY'S EYES ONLY." By designating the information, document, thing, interrogatory response, admission, pleading, testimony, or portion thereof as "ATTORNEY'S EYES ONLY," the disclosing party represents in good faith that the information, document, thing, interrogatory response, admission, pleading, testimony, or portion thereof currently is extremely confidential, sensitive, and proprietary in nature and is highly controlled within the disclosing party's business such that disclosing the document or information to the parties to this action would have a reasonable likelihood of causing competitive harm. Anything designated as "Attorneys' Eyes Only" shall be produced only to counsel of record in this action. Anything designated as "Attorneys' Eyes Only" shall not be disseminated, directly or indirectly, to any other individual or entity except by order of this Court.

10.     For the convenience of the Clerk of the Court, any document or transcript designated as confidential may, at the option of counsel for any party to these actions, be held by counsel under the terms of this Order and not filed under seal with the Court until the time of trial of these actions. Any document or transcript designated as confidential which is filed with the Court shall be maintained under seal by the Clerk and shall be made available only to the Court and to counsel for the parties until further Order of this Court, if the Court so allows.

11.     Nothing in this Order shall be construed as an admission or waiver of coverage, nor as an admission or waiver of any right, duty, or obligation under the Policies. Nothing in this Order shall be construed as an admission or waiver of any fact or legal conclusion. The parties reserve all rights under the Policies, at law, at equity, and otherwise.

12.     If counsel for a party receiving documents or information designated as Confidential Material hereunder objects to such designation of any or all of such items, the following procedure shall apply: Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in

writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information contains Confidential Material. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute. If a dispute as to a Confidential Material designation of a document or item of information cannot be resolved by agreement, the party contesting the designation shall apply to the Court in accordance with the Local Rules for a ruling that the document, transcript, or other materials shall not be so treated. Until such time as the Court enters an Order, if any, changing the confidential designation of the document or transcript, that document, transcript or other material shall be afforded the confidential treatment provided and required in and by this Order. If the material in question was produced in this lawsuit by a non-party, that non-party shall be given reasonable notice and an opportunity to be heard in response. The party or non-party seeking to maintain the classification of the material as Confidential Material shall have the burden of proving that such classification is warranted under applicable law.

13.    Within ninety (90) days after the final termination of these actions, all documents, transcripts or other materials (including any copies) subject to and afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, shall be either: (a) returned to the attorney for the party that produced the document or information; (b) destroyed in a manner designed to prevent the reconstruction of the material (i.e., shredded); or (c) stored as part of the file maintained by the individuals/entities identified in Paragraph #6.

14.    Nothing contained in this Order shall affect or restrict the rights of any party with respect to its own documents. In addition, no party shall be bound by this Order concerning any information that it possessed prior to these actions or received at any time independently of discovery proceedings in these actions or from a source other than the person designating the information to be confidential under this Order.

15.    Nothing contained in this Order is intended: (a) to be a waiver of any objection to the production of any document or information on any ground, including but not limited to, that the document or information is protected from disclosure by the attorney client privilege, the work product doctrine, as materials prepared in anticipation of litigation, or by the protections afforded trade secrets or confidential commercial information; or (b) to be a waiver of any objection to any request for production of documents, interrogatory, or admission.

16.    The inadvertent production in this litigation by a litigant of any documents designated as Confidential Material or Attorneys' Eyes Only shall not be deemed a waiver of privilege with respect to that document or the subject matter thereof. The burden of proving inadvertent production is on the litigant making such claim.

17.    With the exception of the Insurance Companies' claim files for the Underlying Action, nothing in this Order shall be construed or shall operate as an

7

admission or agreement as to whether any particular document or information is entitled to be treated as Confidential Material. Furthermore, nothing in this Order shall be construed or shall operate as an admission or agreement as to whether any particular document or information is subject to discovery, or is admissible in evidence. Nothing in this Order shall prevent any party from seeking modification of this Order.

18.    The restrictions of this Order regarding disclosure and use of documents and information designated as confidential shall survive the termination of this lawsuit.

19.    All rights, remedies, undertakings, and obligations in this Order shall be cumulative, and none shall be in limitation of any other. Parties to this Order shall be required to use best efforts to ensure compliance with the mandates of this Order by a party or its assigns or others as identified in paragraph 7. Further, any violation of the terms of this Order by a party or its assigns or personnel as identified in paragraph 7 shall be made known to the other party immediately upon knowledge but in no event more than fifteen (15) days after counsel (whose signatures are below) learns of the breach. Failure to abide by the above will result in an independent breach of this Order.

20.    An alleged breach of this Order shall entitle the party asserting confidential treatment to claim damages arising therefrom and to seek enforcement of any and all rights and remedies available under the law, at equity, or otherwise.

SO ORDERED.

HON. KATHERINE B. FORREST
United States District Judge

Dated: New York, New York
        April 24, 2012

8

Approved as to form and content, and stipulated by:

Anderson Kill & Olick, P.C.                          Goodman & Jacobs LLP
Attorneys for Defendant                              Attorneys for Counter-Claim
First Advantage Litigation                           Defendant Federal
Consulting, LLC                                      Insurance Company

By: _____        By: _____
        Edward J. Stein                                  Judith F. Goodman
        1251 Avenue of the Americas                      75 Broad Street, 30th Floor
        New York, New York 10020                         New York, New York 10004
        (212) 278- 1745                                  (212) 385-1191
        Fax (212) 278-1733                               Fax (212) 385-1770


Carroll, McNulty & Kull L.L.C.                       Coughlin Duffy LLP
Attorneys for Plaintiff Tudor                        Attorneys for Counter-Claim
Insurance Company                                    Defendant Zurich American
                                                     Insurance Company

By: _____        By: _____
        Margaret F. Catalano, Esq.                       Kevin Coughlin, Esq.
        April T. Villaverde, Esq.                        88 Pine Street, 28th Floor
        Jonathan A. Messier, Esq.                        New York, New York 10005
        570 Lexington Avenue, 8th Floor                  (212) 483-0105
        New York, New York 10022
        (646) 625-4000


Alston & Bird LLP
Attorneys for Counter-Claim Defendant
American International Specialty Lines
Insurance Company n/k/a Chartis Specialty
Insurance Company ("AISLIC")

By: _____
        Todd R. David, Esq.
        Alexander Lorenzo, Esq.
        90 Park Avenue
        New York, New York 10016
        (212) 910-9400

Dated: New York, New York
        April 23, 2012

Approved as to form and content, and stipulated by:

Anderson Kill & Olick, P.C.     Goodman & Jacobs LLP
Attorneys for Defendant       Attorneys for Counter-Claim
First Advantage Litigation      Defendant Federal
Consulting, LLC         Insurance Company

By: _____   By: _____
   Edward J. Stein         Judith F. Goodman
   1251 Avenue of the Americas    75 Broad Street, 30th Floor
   New York, New York 10020    New York, New York 10004
   (212) 278- 1745       (212) 385-1191
   Fax (212) 278-1733      Fax (212) 385-1770

Carroll, McNulty & Kull L.L.C.    Coughlin Duffy LLP
Attorneys for Plaintiff Tudor     Attorneys for Counter-Claim
Insurance Company        Defendant Zurich American
                Insurance Company

By: _____   By: _____
   Margaret F. Catalano, Esq.     Kevin Coughlin, Esq.
   April T. Villaverde, Esq.      88 Pine Street, 28th Floor
   Jonathan A. Messier, Esq.     New York, New York 10005
   570 Lexington Avenue, 8th Floor   (212) 483-0105
   New York, New York 10022
   (646) 625-4000

Alston & Bird LLP
Attorneys for Counter-Claim Defendant
American International Specialty Lines
Insurance Company n/k/a Chartis Specialty
Insurance Company ("AISLIC")

By: _____
   Todd R. David, Esq.
   Alexander Lorenzo, Esq.
   90 Park Avenue
   New York, New York 10016
   (212) 910-9400

Dated: New York, New York
    April __, 2012

Approved as to form and content, and stipulated by:

Anderson Kill & Olick, P.C.                    Goodman & Jacobs LLP
Attorneys for Defendant                        Attorneys for Counter-Claim
First Advantage Litigation                     Defendant Federal
Consulting, LLC                                Insurance Company

By:  *Edward J. Stein (AMP)*  By:  _____
     Edward J. Stein                           Judith F. Goodman
     1251 Avenue of the Americas               75 Broad Street, 30th Floor
     New York, New York 10020                  New York, New York 10004
     (212) 278- 1745                           (212) 385-1191
     Fax (212) 278-1733                        Fax (212) 385-1770


Carroll, McNulty & Kull L.L.C.                 Coughlin Duffy LLP
Attorneys for Plaintiff Tudor                  Attorneys for Counter-Claim
Insurance Company                              Defendant Zurich American
                                               Insurance Company


By:  _____   By:  _____
     Margaret F. Catalano, Esq.                Kevin Coughlin, Esq.
     April T. Villaverde, Esq.                 88 Pine Street, 28th Floor
     Jonathan A. Messier, Esq.                 New York, New York 10005
     570 Lexington Avenue, 8th Floor           (212) 483-0105
     New York, New York 10022
     (646) 625-4000


Alston & Bird LLP
Attorneys for Counter-Claim Defendant
American International Specialty Lines
Insurance Company n/k/a Chartis Specialty
Insurance Company ("AISLIC")

By:  _____
     Todd R. David, Esq.
     Alexander Lorenzo, Esq.
     90 Park Avenue
     New York, New York 10016
     (212) 910-9400

Dated: New York, New York
       April __, 2012

9

Approved as to form and content, and stipulated by:

| | |
|---|---|
| Anderson Kill & Olick, P.C.<br>Attorneys for Defendant<br>First Advantage Litigation<br>Consulting, LLC | Goodman & Jacobs LLP<br>Attorneys for Counter-Claim<br>Defendant Federal<br>Insurance Company |

By: _____   By: _____
<div style="margin-left:2em">Edward J. Stein</div><div style="margin-left:2em">1251 Avenue of the Americas</div><div style="margin-left:2em">New York, New York 10020</div><div style="margin-left:2em">(212) 278- 1745</div><div style="margin-left:2em">Fax (212) 278-1733</div>

Judith F. Goodman
75 Broad Street, 30th Floor
New York, New York 10004
(212) 385-1191
Fax (212) 385-1770


Carroll, McNulty & Kull L.L.C.          Coughlin Duffy LLP
Attorneys for Plaintiff Tudor            Attorneys for Counter-Claim
Insurance Company                        Defendant Zurich American
                                          Insurance Company


By: _____   By: _____
<div style="margin-left:2em">Margaret F. Catalano, Esq.</div><div style="margin-left:2em">April T. Villaverde, Esq.</div><div style="margin-left:2em">Jonathan A. Messier, Esq.</div><div style="margin-left:2em">570 Lexington Avenue, 8th Floor</div><div style="margin-left:2em">New York, New York 10022</div><div style="margin-left:2em">(646) 625-4000</div>

Kevin Coughlin, Esq.
88 Pine Street, 28th Floor
New York, New York 10005
(212) 483-0105


Alston & Bird LLP
Attorneys for Counter-Claim Defendant
American International Specialty Lines
Insurance Company n/k/a Chartis Specialty
Insurance Company ("AISLIC")

By: _____
<div style="margin-left:2em">Todd R. David, Esq.</div><div style="margin-left:2em">Alexander Lorenzo, Esq.</div><div style="margin-left:2em">90 Park Avenue</div><div style="margin-left:2em">New York, New York 10016</div><div style="margin-left:2em">(212) 910-9400</div>

Dated: New York, New York
      April __, 2012

Approved as to form and content, and stipulated by:

Anderson Kill & Olick, P.C.
Attorneys for Defendant
First Advantage Litigation
Consulting, LLC

By: _____
    Edward J. Stein
    1251 Avenue of the Americas
    New York, New York 10020
    (212) 278- 1745
    Fax (212) 278-1733

Goodman & Jacobs LLP
Attorneys for Counter-Claim
Defendant Federal
Insurance Company

By: _____
    Judith F. Goodman
    75 Broad Street, 30th Floor
    New York, New York 10004
    (212) 385-1191
    Fax (212) 385-1770

Carroll, McNulty & Kull L.L.C.
Attorneys for Plaintiff Tudor
Insurance Company

By: _____
    Margaret F. Catalano, Esq.
    April T. Villaverde, Esq.
    Jonathan A. Messier, Esq.
    570 Lexington Avenue, 8th Floor
    New York, New York 10022
    (646) 625-4000

Coughlin Duffy LLP
Attorneys for Counter-Claim
Defendant Zurich American
Insurance Company

By: _____
    Kevin Coughlin, Esq.
    88 Pine Street, 28th Floor
    New York, New York 10005
    (212) 483-0105

Alston & Bird LLP
Attorneys for Counter-Claim Defendant
American International Specialty Lines
Insurance Company n/k/a Chartis Specialty
Insurance Company ("AISLIC")

By: _____
    Todd R. David, Esq.
    Alexander Lorenzo, Esq.
    90 Park Avenue
    New York, New York 10016
    (212) 910-9400

Dated: New York, New York
     April __, 2012

9