UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TUDOR INSURANCE COMPANY,                                          Case No.

                Plaintiff,                          11 CV 3567 (KBF)
                                                              11 CV 8923 (KBF)
    -against-

FIRST ADVANTAGE LITIGATION
CONSULTING, LLC,
                Defendant.
----------------------------------------------------------------X
FIRST ADVANTAGE LITIGATION
CONSULTING, LLC,

                Counter-Claimant and Cross-
                Complainant,

    -against-

AMERICAN INTERNATIONAL SPECIALTY
LINES INSURANCE COMPANY, FEDERAL
INSURANCE COMPANY, TUDOR INSURANCE
COMPANY, ZURICH AMERICAN INSURANCE
COMPANY,

                Counter-Claim Defendants
----------------------------------------------------------------X

## FEDERAL INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Of Counsel:

    Judith F. Goodman
    Thomas J. Cirone

GOODMAN & JACOBS LLP
75 BROAD STREET - 30TH FLOOR
NEW YORK, NEW YORK 10004

(212) 385-1191

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

STATEMENT PURSUANT TO JANUARY 18, 2012 ORDER............................…......iv

PRELIMINARY STATEMENT.......................................................................................1

ARGUMENT.....................................................................................................................2

POINT I

CALIFORNIA LAW SHOULD BE APPLIED TO
THE FEDERAL EXCESS/UMBRELLA POLICIES ................…........................…......2

POINT II

THE PRIOR PUBLICATION EXCLUSION APPLIES
AND BARS COVERAGE AS A MATTER OF LAW.................................................4

    1.    The Prior Publication
        Exclusion Is Unambiguous........................................................... 4

    2.    There Is No Issue of Material Fact to Warrant Denial
        Of Summary Judgment on the Prior Publication Exclusion...................... 6

POINT III

PUBLIC POLICY BARS COVERAGE FOR THE
PUNITVE DAMAGES AWARD AS A MATTER OF LAW.........................................8

POINT IV

FEDERAL IS ENTITLED TO A DECLARATION
THAT IT IS EXCESS OVER ALL OTHER INSURANCE............................................9

CONCLUSION................................................................................................................10

# TABLE OF AUTHORITIES

AT&T v. Clarendon America Ins. Co.,
    2008 WL 2583007 (Del. Sup. Ct. 2008) .................................................3

Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp.,
    36 A.D.3d 17, 822 N.Y.S.2d 30 (1st Dep't 2006)..................................2, 3

CNA Casualty of California v. Seaboard Surety Co.,
    176 Cal.App.3d 598, 222 Cal.Rptr. 276 (Cal.App.1st 1986) ...................7

C.R. Bard, Inc. v. Liberty Mutual Ins. Co.,
    2012 WL 1072310*2 (3rd Cir. 2012) .......................................................5

Haynes v. Farmers Ins. Exchange,
    32 Cal.4th 1198, 89 P.3d 381 (Cal. 2004)................................................4

Johnson & Johnson v. Aetna Cas. and Sur. Co.,
    285 N.J.Super. 575, 667 A.2d 1087 (N.J. 1995) .....................................8

Lee v. Interstate Fire & Cas. Co.,
    86 F.3d 101 (7th Cir. 1996) .....................................................................3

Maddox v. St. Paul Fire & Marine Ins. Co.,
    179 F.Supp.2d 527 (W.D.Pa. 2001).........................................................5

Ohio Cas. Ins. Co. v. Flanagin,
    44 N.J. 504, 210 A.2d 221 (N.J. 1965)....................................................7

Park Place Entertainment Corp. v. Transcontinetal Ins. Co.,
    2003 WL 19113709 (S.D.N.Y. 2003) .....................................................5

PPG Industries Inc. v. Transamerica Ins. Co.,
    49 Cal.App.4th 1120, 56 Cal.Rptr.2d 889 (Cal.App.2d),
    aff'd, 20 Cal.4th 310, 975 P.2d 652 (Cal. 1999) .....................................8

Ringler Associates Inc. v. Maryland Cas. Co.,
    80 Cal.App.4th 1165, 96 Cal.Rptr.2d 136 (Cal.App.1st 2000)............5, 6

Servidone Const. Corp. v. Security Ins. Co. of Hartford,
    64 N.Y.2d 419, 488 N.Y.S.2d 139 (1985) .............................................. 7

Transporation Ins. Co. v. Pennsylvania Manufacturer's Ass'n Ins. Co.,
    346 Fed.Appx. 862 (3rd Cir. 2009) .................................................... 5

Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.,
    193 A.D.2d 1, 6, 601 N.Y.S.2d 276, 279 (1st Dep't 1993) .......................... 9

## Statement Pursuant to January 18, 2012 Order

Pursuant to the Court's Order dated January 18, 2012, Federal Insurance Company states that:

Point I, infra., replies to that portion of First Advantage Litigation Consulting, LLC's ("First Advantage") opposition that argues against the application of California law to the Federal Excess/ Umbrella Policies (see, First Advantage's Memorandum of Law in Opposition at p. 9).

Point II, infra., replies to that portion of First Advantage's opposition that argues that the "prior publication" exclusion is ambiguous and/or does not apply. (see, First Advantage's Memorandum of Law in Opposition at pp. 11-17).

Point III, infra., replies to that portion of First Advantage's opposition that argues that Federal is obligated to provide coverage for the punitive damages award. (see, First Advantage's Memorandum of Law in Opposition at pp. 11-17).

Point IV, infra., replies to that portion of American International Specialty Lines Insurance Company's ("AISLIC") opposition seeking a declaration that the AISLIC Policy is excess to the Federal Umbrella/ Excess Policies (see, AISLIC's Memorandum of Law in Opposition at pp. 20-22). Federal respectfully submits that the Federal Excess/ Umbrella Policies are excess over all other insurance policies at issue in this action.

iv

Federal Insurance Company ("Federal"), by its attorneys, Goodman & Jacobs LLP, respectfully submits this Reply Memorandum of Law in further support of its motion for summary judgment.

## PRELIMINARY STATEMENT

Federal respectfully submits that it has met its burden by establishing its entitlement to judgment as a matter of law and no party has raised a genuine issue of material fact to warrant denial of the motion. In its opposing papers, First Advantage Litigation Consulting, LLC ("First Advantage") acknowledges that it is not seeking coverage under the Federal Excess/ Umbrella Policies for the policy periods April 19, 2002 to April 19, 2003 and April 19, 2003 to April 19, 2004, and it is undisputed that none of the allegedly defamatory statements were published during the April 19, 2004 to April 19, 2005 policy period. (FA Opp. pp. 11).[1] First Advantage also concedes that there is no coverage under Coverage B of the Federal Excess/ Umbrella Policies. Id. p. 17. Instead, First Advantage argues that issues of fact preclude summary judgment as to the application of the "prior publication" exclusion[2] and insurance coverage for the $250,000 punitive damages award. Federal establishes below that the documentary evidence, the authenticity and accuracy of which is unchallenged by any party, shows that the prior publication exclusion applies and bars coverage under the Zurich Policies

---

[1] "FA Opp." refers to First Advantage's Memorandum of Law in Opposition to Federal's Motion for Summary Judgment.

[2] In its moving papers, Federal referred to the exclusion as the "first publication" exclusion while First Advantage and Zurich American Insurance Company ("Zurich") refer to it as the "prior publication" exclusion. To avoid confusion Federal hereinafter refers to the exclusion as the "prior publication" exclusion though the terms refer to the same exclusion contained in the Zurich Policies to which the Federal Excess/ Umbrella Policies follow form. See, St. ¶ 124.

1

and the Federal Excess/ Umbrella Policies and that there is no coverage for punitive damages as a matter of law.

Finally, the Federal Excess/Umbrella Policies are the only true excess policies in that they are the only insurance policies that were written as specific excess insurance above the primary insurance policies issued by Zurich, and Federal is entitled to judgment declaring that Federal has no obligation to defend or indemnify First Advantage until all primary insurance has been exhausted.

## ARGUMENT

### POINT I

#### CALIFORNIA LAW SHOULD BE APPLIED TO THE FEDERAL EXCESS/ UMBRELLA POLICIES

Federal established in its moving papers that California law should be applied to the Federal Excess/ Umbrella Policies, in accordance with the holding of Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp., 36 A.D.3d 17, 822 N.Y.S.2d 30 (1st Dep't), aff'd, 9 N.Y.3d 928, 822 N.Y.S.2d 30 (2007), because the Federal Excess/ Umbrella Policies cover risks in multiple states and California is First American's principal place of business. (Moving Memo. pp. 7-8).[3]  Zurich also argued for application of California law to the Zurich Policies pursuant to the same authority. See, Zurich's Memorandum of Law in Support of Motion for Summary Judgment at pages 8-10.

Federal respectfully submits that First Advantage has not come forward with a persuasive reason for the Court not to apply California law to the Zurich Policies and the

---

[3] "Moving Memo." refers to Federal's Memorandum of Law in Support of Motion for Summary Judgment.

2

Federal Excess/ Umbrella Policies. In <u>Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp.</u>, supra., 36 A.D.3d at 23, the Court recognized that among the "goals of choice-of-law analysis are 'certainty, predictability and uniformity of result' and 'ease in the determination and application of the law to be applied.'" (Citations omitted). Applying the law of the named insured's domicile "is most likely to conform to [the insured's and insurer's] expectations." <u>Id</u>.

This reasoning is especially compelling here because the Federal Excess/ Umbrella Policies "follow form" to the Zurich Policies. It would be incongruous and inconsistent with the holding in <u>Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp.</u>, supra., for the Court to apply the law of one state to a primary policy while applying the law of another state to an excess "follow form" policy. In <u>AT&T v. Clarendon America Ins. Co.</u>, 2008 WL 2583007*4 (Del. Sup. Ct. 2008), the Court applied New York law "for consistency purposes" to an excess policy that did not contain a "choice-of-law provision" where another excess policy written over the limits of the first excess policy did contain a New York "choice-of-law provision." Similarly, in <u>Lee v. Interstate Fire & Cas. Co.</u>, 86 F.3d 101, 103 (7th Cir. 1996), Circuit Judge Easterbrook held:

> Two policies with identical language covering the same risk should have identical effects. Lloyd's issued the basic policy; Interstate sold a "follow form" excess policy with identical substantive terms. It would be absurd if the primary policy were governed by United Kingdom law, and the excess policy by Illinois law, just because that is the location of the insurers . . .

For these same reasons, Federal respectfully submits that California law should be applied.

3

St. Exh. 6, ZUR00660; Exh. 7, ZUR0711.

Courts regularly apply identical and virtually identical exclusions without finding them to be ambiguous. See e.g., Ringler Associates Inc. v. Maryland Cas. Co., 80 Cal.App.4th 1165, 1172, 96 Cal.Rptr.2d 136, 142 (Cal.App.1st 2000) (applying exclusion for "personal injury" or "advertising injury," "[a]rising out of oral or written publication of material whose first publication took place before the beginning of the policy period"); C.R. Bard, Inc. v. Liberty Mutual Ins. Co., 2012 WL 1072310*2 (3rd Cir. 2012) (applying exclusion for advertising injuries "arising out of oral, written or electronic publication, in any manner, of material whose first publication took place before the beginning of the Policy Period"); Park Place Entertainment Corp. v. Transcontinetal Ins. Co., 2003 WL 19113709*6 (S.D.N.Y. 2003) (applying exclusion for offenses arising out of "oral or written publication of material whose first publication took place before the beginning of the policy period").

First Advantage's reliance on Maddox v. St. Paul Fire & Marine Ins. Co., 179 F.Supp.2d 527 (W.D.Pa. 2001) (FA Opp. pp. 15-16) is misplaced. First, the district court applied Pennsylvania law, not California law, to the exclusion. Second, in Transporation Ins. Co. v. Pennsylvania Manufacturer's Ass'n Ins. Co., 346 Fed.Appx. 862 (3rd Cir. 2009), the Court of Appeals held that a prior publication exclusion, which was identical to the one that the district court in Maddox found ambiguous, was unambiguous and barred coverage.

## POINT II

## THE PRIOR PUBLICATION EXCLUSION APPLIES AND BARS COVERAGE AS A MATTER OF LAW

First Advantage does not dispute that Coverage A of the Federal Excess/ Umbrella Policies follows the form of the primary Zurich Policies and incorporates their terms and conditions. (FA Opp. p. 7). Federal established in its moving papers that the Zurich Policies' prior publication exclusion applied and barred coverage for the Judgment in the Underlying Action (Moving Memo. pp. 12-14). First Advantage argues that fact questions preclude summary judgment or, alternatively, that the prior publication exclusion is ambiguous. First Advantage is incorrect.

1. The Prior Publication Exclusion Is Unambiguous

The Zurich Policies' prior publication exclusion is not ambiguous. Federal respectfully submits that the exclusion is "plain and clear" because it is "stated precisely and understandably, in words that are part of the working vocabulary of the average layperson." Haynes v. Farmers Ins. Exchange, 32 Cal.4th 1198, 1204, 89 P.3d 381, 385 (Cal. 2004). The exclusion states:

> 2. **Exclusions**
>
> This insurance does not apply to:
>
> \*   \*   \*   \*   \*
>
> c. **Material Published Prior To Policy Period**
>
> "Personal and advertising injury" arising out of the oral or written publication of material whose first publication took place before the beginning of the policy period.

4

2. There Is No Issue of Material Fact to Warrant Denial
of Summary Judgment on the Prior Publication Exclusion

Federal established in its moving papers that the prior publication exclusion applied and barred coverage for the Underlying Action, in accordance with the holding in Ringler Associates Inc. v. Maryland Cas. Co., supra., and its progeny. (Moving Memo. 12-14). The statements that the jury held were defamatory were not only "substantially the same," as required under California law, they were identical to those contained in the October 23, 2002 Report.[4]

The Verdict Sheet from the Underlying Action disposes of First Advantage's arguments to the contrary. All of the statements that the jury found were defamatory were contained in the October 23, 2002 BackTrack Report. The Verdict Sheet is dispositive, stating:

> While the listed statements are contained in multiple reports, the citations to page numbers, which are provided for your reference, are to the page numbers in the October 23, 2002 Report.

St. Exh. 51, AISLIC000071. See also: St. ¶¶ 34, 36. First Advantage's observation that the BackTrack Reports issued in 2005 and thereafter contained additional and different information beyond that which was contained in the October 23, 2002 BackTrack Report (FA Opp. p. 14) is irrelevant because the jury did not find that those additional and different statements were defamatory.

First Advantage also incorrectly relies on the pleadings from the Underlying Action as well as on Justice Dumont's decision on the summary judgment motions in the Underlying Action. (FA Opp. pp. 4-6). Under the law of California, New York and New

---

[4] The Court would reach the same result under New York and New Jersey law. See, Federal's Memorandum of Law in Opposition ("Federal's Opp. Memo.") at page 9.

6

Jersey, in determining an insurer's indemnity obligation the court looks to the insured's actual liability, not the allegations against the insured. The duty to indemnify "is only determined after liability is finally established." CNA Casualty of California v. Seaboard Surety Co., 176 Cal.App.3d 598, 605, 222 Cal.Rptr. 276, 279 (Cal.App.1st 1986). See also: Servidone Const. Corp. v. Security Ins. Co. of Hartford, 64 N.Y.2d 419, 424, 488 N.Y.S.2d 139, 142 (1985) (the duty to indemnify "is determined by the actual basis for the insured's liability to a third person"); Ohio Cas. Ins. Co. v. Flanagin, 44 N.J. 504, 512, 210 A.2d 221, 225 (N.J. 1965) ("the basis of the insurer's liability will be determined by the proofs adduced in the damage action, and it cannot be ascertained in advance of trial what grounds of liability, if any, will be adjudicated against the insured"). [5]

First Advantage's reliance on Justice Dumont's decision (FA Opp. p. 5) is also misplaced. The court in the Underlying Action held that the defamation claims against BackTrack were not time-barred under New Jersey's "single publication" rule because the rule "applies to 'mass publication' only;" BackTrack was "not part of mass media and its reports did not communicate with multiple people at the same time." St. Exh. 32, FADa44. Justice Dumont did not reach or decide the issue of whether the BackTrack Reports were "qualitatively identical" to one another. Id. Accordingly, the Complaints in the Underlying Action and Justice Dumont's decisions have no bearing on indemnity issues.

---

[5] While a court would properly look at pleadings in determining an insurer's duty to defend, here it is undisputed that Federal has no obligation to defend First Advantage in the Underlying Action until the "underlying limits" are exhausted, and no party is arguing that Federal had a duty to defend. See, St. Exh. 11, F00139; Exh. 12 F00216. First Advantage is not seeking coverage under the 2002-2003 and 2003-2004 policy periods or under Coverage B.

7

The prior publication is unambiguous and bars coverage for the Underlying Action as a matter of law.

## POINT III

### PUBLIC POLICY BARS COVERAGE FOR THE PUNITIVE DAMAGES AWARD AS A MATTER OF LAW

Federal established in its moving papers that there was no coverage for that portion of the Judgment awarding punitive damages under California law because the jury determined, in accordance with New Jersey law, that BackTrack engaged in malicious or willful and wanton conduct. (Moving Memo. pp. 18-20). In its opposition papers, Federal established that there would be no coverage for the punitive damages award were the Court to apply New York or New Jersey law. (Federal's Opp. Memo. pp. 12-13). The absence of a "punitive damages" exclusion is irrelevant because as a matter of law there is no coverage for punitive damages in the first instance.

In Johnson & Johnson v. Aetna Cas. and Sur. Co., 285 N.J.Super. 575, 583-84, 667 A.2d 1087, 1091 (N.J. 1995), New Jersey's Supreme Court recognized that while other jurisdictions allow for the insurability of punitive damages, under New Jersey law, because the purpose of punitive damages is the punishment and deterrence of egregious conduct, insuring punitive damages violates public policy. A punitive damages award rendered by a New Jersey jury charged under New Jersey law would not be insurable under New Jersey, New York or California law. Id.; PPG Industries Inc. v. Transamerica Ins. Co., 49 Cal.App.4th 1120, 56 Cal.Rptr.2d 889 (Cal.App.2d), aff'd, 20

8

Cal.4th 310, 975 P.2d 652 (Cal. 1999); Zurich Ins. Co. v. Shearson Lehman Hutton, Inc., 193 A.D.2d 1, 6, 601 N.Y.S.2d 276, 279 (1st Dep't 1993).

The Jury Verdict Sheet is dispositive of this issue. The jury in the Underlying Action held that BackTrack "engaged in malicious or willfull conduct." St. Exh. 51, AISLIC000079. First Advantage's arguments that Justice Dumont did not properly charge the jury (FA Opp. Memo. pp. 19-20) are appropriately heard by the New Jersey appellate court, not this Court. Federal respectfully submits that should the New Jersey court hold the instruction was improper and strike the award, then there would be no punitive damages award for which to seek indemnity. Should the New Jersey court hold that the instruction was proper, Federal respectfully submits that there would be no coverage for it as a matter of law.

## POINT IV

### FEDERAL IS ENTITLED TO A DECLARATION THAT IT IS EXCESS OVER ALL OTHER INSURANCE

In its Memorandum of Law in Opposition to AISLIC's motion, Federal set forth in detail the grounds and authority under both California and New York law supporting its position that the Federal Excess/ Umbrella Polices, the only "true" excess insurance policies at issue in this action, were excess over all other insurance. (See, Federal's Opp. Memo. at Point I, pp. 2-7). To avoid unnecessary repetition, Federal respectfully refers the Court to Federal's opposition brief in further support of that portion of its motion which seeks a declaration that Federal is entitled to judgment declaring that Federal has

9

no obligation to defend or indemnify First Advantage until all primary insurance has been exhausted.

## CONCLUSION

WHEREFORE, Federal Insurance Company respectfully requests that the Court deny AISLIC's motion; deny First Advantage any relief as against Zurich; deny any relief as against Federal; and award summary judgment dismissing all claims against Federal; or, alternatively, enter judgment declaring that Federal has no obligation to defend or indemnify First Advantage until all primary insurance has been exhausted.

Dated: New York, New York
       June 13, 2012

> GOODMAN & JACOBS LLP
> Attorneys for Defendant-Counter-Claim
> Defendant Federal Insurance Company
>
> By: _____
> Judith F. Goodman (JG7031)
> jgoodman@goodmanjacobs.com
> Thomas J. Cirone (TC1510)
> tcirone@goodmanjacobs.com
> 75 Broad Street, 30th Floor
> New York, New York 10004
> (212) 385-1191

First.Advantage.Reply.MOL