**MANDATE**

N.Y.S.D. Case #
11-cv-3567(KBF)

12-3830-cv (L)
First Advantage Litig. Consulting, LLC v. Am. Int'l Specialty Lines Ins. Co.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand thirteen.

PRESENT:   DENNY CHIN,
           RAYMOND J. LOHIER, JR.,
                 Circuit Judges,
           JOHN F. KEENAN,
                 District Judge.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 10, 2013

- - - - - - - - - - - - - - - - - - - - -x

FIRST ADVANTAGE LITIGATION CONSULTING, LLC,
          Plaintiff-Counter
          Defendant-Appellant,

          -v-                                        12-3830-cv,
                                                     12-3841-cv
AMERICAN INTERNATIONAL SPECIALTY LINES
INSURANCE COMPANY,
          Defendant-Cross
          Defendant-Appellee,

FEDERAL INSURANCE COMPANY,
          Defendant-Cross Claimant-
          Cross Defendant-Appellee,

---
   *   The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

TUDOR INSURANCE COMPANY,
    Defendant-Cross
    <u>Defendant</u>,

ZURICH AMERICAN INSURANCE COMPANY,
    <u>Defendant-Cross</u>
    <u>Defendant-Cross Claimant-</u>
    <u>Counter Claimant-</u>
    <u>Appellee</u>.

- - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFF-COUNTER DEFENDANT-APPELLANT: | EDWARD J. STEIN (Anna M. Piazza, <u>on the brief</u>), Anderson Kill & Olick, P.C., Stamford, Connecticut. |
| FOR DEFENDANT-CROSS DEFENDANT-APPELLEE: | ALEXANDER S. LORENZO (Todd R. David, <u>on the brief</u>), Alston & Bird LLP, New York, New York. |
| FOR DEFENDANT-CROSS CLAIMANT-CROSS DEFENDANT-APPELLEE: | THOMAS J. CIRONE (Judith F. Goodman, <u>on the brief</u>), Goodman & Jacobs LLP, New York, New York. |
| FOR DEFENDANT-CROSS DEFENDANT-CROSS CLAIMANT-COUNTER CLAIMANT-APPELLEE: | ROBERT J. KELLY (Kevin T. Coughlin, <u>on the brief</u>), Coughlin Duffy LLP, Morristown, New Jersey. |

Appeal from the United States District Court for the Southern District of New York (Forrest, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-counter defendant-appellant First Advantage Litigation Consulting, LLC ("First Advantage") appeals from a judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>), entered August 23, 2012

pursuant to its memorandum and order entered August 21, 2012, denying summary judgment for First Advantage and granting summary judgment in favor of the insurers. The principal issue was whether any of the insurers -- defendant-cross defendant-appellee American International Specialty Lines Insurance Company ("AISLIC"), defendant-cross claimant-cross defendant-appellee Federal Insurance Company ("Federal"), and defendant-cross defendant-cross claimant-counter claimant-appellee Zurich American Insurance Company ("Zurich") -- was obligated to defend and indemnify First Advantage in connection with a defamation suit brought against it in New Jersey state court.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 101 (2d Cir. 2010), as well as its interpretation of contracts, including insurance agreements, Ment Bros. Iron Works Co. v. Interstate Fire & Cas. Co., 702 F.3d 118, 121 (2d Cir. 2012). After an independent review of the record, we conclude that AISLIC, Federal, and Zurich were entitled to summary judgment for substantially the reasons set forth by the district court in its thorough memorandum and order. We add only the following.

---

[1] The district court's ruling as to defendant-cross defendant Tudor Insurance Company is not the subject of this appeal.

3

First, as First Advantage conceded at oral argument, all of the statements found to be defamatory by the jury were first published, in form or substance, on October 23, 2002, prior to the April 30, 2003 retroactive date of the AISLIC policy and the 2005-2006 policy period of the Zurich policy. Hence, the statements fell within the policies' prior acts exclusion and prior publication exclusion, respectively.

Second, the insurers do not have a continuing duty to defend First Advantage through the appeal in the defamation action. The district court correctly concluded as a matter of law that, given the verdict in the defamation action, there is no basis on which the insurers will be obligated to indemnify First Advantage, thereby relieving the insurers of the duty to defend as of the date of the district court's ruling. See Hugo Boss Fashions, Inc. v. Fed. Ins. Co, 252 F.3d 608, 622 (2d Cir. 2001) (under New York law, insurer's duty to defend ends as of date of court's declaratory judgment); Buss v. Superior Court, 16 Cal. 4th 35, 56 n.18 (1997) (collecting cases that, under California law, provide insurer's duty to defend ends as of date of court judgment). We need not, and do not, address the effect of this ruling on the insurers' duty to defend if the defamation action is remanded for a new trial.

4

We have considered all of First Advantage's remaining arguments and conclude they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit